1  Esperanza Cervantes Anderson | SBN 197953
   LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
2  1037 North Allen Avenue
   Pasadena, California 91104
3  Tel.:   (626) 219-6773
   Fax:   (626) 389-8911
4
   Attorney for Plaintiff Relator
5  FRANK ADOMITIS

6

7

8            UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA          Case No. Case No.: 5:17-cv-00002-
    ex rel. FRANK ADOMITIS, an        JGB-KK
12  individual,                       (Hon. Jesus G. Bernal)

13              Relator,              **DECLARATION OF
                                      ESPERANZA CERVANTES
14        v.                          ANDERSON IN SUPPORT OF
                                      PLAINTIFF/RELATOR'S
15  SAN BERNARDINO                    MEMORANDUM OF POINTS
    MOUNTAINS COMMUNITY               AND AUTHORITIES IN
16  HOSPITAL DISTRICT; DOES 1         OPPOSITION TO
    through 20, inclusive,            DEFENDANT'S MOTION TO
17                                    DISMISS SECOND AMENDED
              Defendants.             COMPLAINT**
18
19                                    **Date:        April 30, 2018
                                      Time:        9:00 a.m.
20                                    Courtroom:   1**

21

22

23

24

25

26

27

28

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

- 0 -
Declaration of Esperanza Cervantes Anderson ISO Plaintiff/Relator's Opposition to
Defendant's Motion to Dismiss Second Amended Complaint

**DECLARATION OF ESPERANZA CERVANTES ANDERSON**

I, Esperanza Cervantes Anderson, declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court. I am counsel of record for Plaintiff/Relator Frank Adomitis ("Relator"). If called upon to testify, I could and would testify truthfully as to matters set forth herein.

2.      On or about January 29, 2018, I attended the hearing on Defendant San Bernardino Mountains Community Hospital District's ("Mountains") Motion to Dismiss Relator's First Amended Complaint ("FAC") in this action. On January 30, 2018, I received notice that the Court had entered its Order granting the Motion to Dismiss but granting leave for Relator to file a Second Amended Complaint ("SAC"). The deadline for Relator to file a SAC, if any, was February 13, 2018.

3.      Between February 7 and 8, 2018, counsel for Mountains, Clinton Mikel, and I negotiated a Stipulation to extend the deadline for Relator to file a SAC and Mountains to respond to the SAC. True and correct copies of all of my emails with Mr. Mikel and his partner, James Randall Witham ("Mr. Witham") regarding this Stipulation are attached hereto as Composite **Exhibit A**. (Upon information and belief, Mr. Witham is not licensed in California, and as such, has not entered an appearance in this action.) The Court entered the Order granting the Stipulation on February 8, 2018. [Docket No. 25.]

4.      At the time I entered into this Stipulation, I did not yet know how I would amend the FAC. Between February 18 and 20, I prepared the SAC. On February 20, 2018, I filed the SAC in this case. I did not hear from Mr. Mikel or anyone representing Mountains after I filed the SAC until March 13, 2018, when I received notification from the Court's CM/ECF website that Mountains filed a Motion to Dismiss the SAC. Before receiving this notification, I did not know whether Mountains planned to file a motion to dismiss because I had not had any conversations with Mountains' counsel following the filing of the SAC as required by Local Rule 7-3.

Declaration of Esperanza Cervantes Anderson ISO Plaintiff/Relator's Opposition to
Defendant's Motion to Dismiss Second Amended Complaint

5.      Upon review of the Motion to Dismiss, I noticed that Mountains' claimed on page 2 of the Notice of Motion that Mr. Mikel, claimed that this conversation had taken place on February 7, 2018.  This is a misrepresentation, as explained above.  Indeed, as of February 7, 2018, I had not prepared the SAC and did not yet know how I was going to amend the complaint.  I never had any discussions with Mr. Mikel nor did I receive any written communications from Mr. Mikel regarding the merits of his proposed motion or that Mountains planned to file Federal Rule of Civil Procedure 60 motion for reconsideration.

6.      The motion was hard to read because it was written in a condensed font that was close together.  I was aware that the Local Rules require pleadings to be in a 14 point font.  I did not research Relator's options for these violations of the Local Rules until April 5, 2018 because I was busy preparing Relator's opposition to the other portions of the Motion, including the Request for Judicial Notice.

7.      I felt a response to the violations was necessary because Mountains' counsel has repeatedly violated the Local Rules in this case. In November 2017, Mr. Mikel filed an unopposed motion allowing Mountains to exceed the page limit set in the Local Rules under my caption even though Mr. Mikel *never showed* it to me, and the "joint motion" contained statements about deficiencies in the complaint that I would never put into a brief. [See Docket No. 14.]  This "joint motion" which would have been more properly captioned as a stipulation or unopposed motion failed to comply with the Local Rules for a Stipulation and Order.  I protested the filing. The Court rightly denied the motion before Mr. Mikel could withdraw it. [See Docket No. 15.]

8.      Despite this Court's Standing Order placing a 12 page limit on reply briefs, Mr. Mikel filed a reply brief in support of its Motion to Dismiss Relator's FAC that exceeded 25 pages. [Docket No. 22.] While Mr. Mikel might plead confusion between the Local Rules and the Court's Standing Order, Local Rule 7-10 imposes a 14 page limit on reply briefs.  Thus, there was no excuse for Mountains

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

to file a 25 page reply brief.

9.     I attended the January 29, 2018 hearing on Mountains' Motion to Dismiss the FAC on Relator's behalf.  Mr. Mikel attended the January 29 hearing on Mountain' behalf.  During the hearing on Mountains' motion to dismiss Relator's FAC, the Court noted that Mountains had filed a reply brief in support of its motion that was 25 pages long.  The Court admonished Mr. Mikel to pay attention to the page limits.

10.     After completing my research regarding the violations of the Local Rules, I emailed Mr. Mikel to point out the violations and request that he withdraw the Motion to Dismiss in light of his failure to meet and confer.  In my email, I also informed Mr. Mikel regarding the violation of Local Rule 11-3.1.1 regarding font. A true and correct copy of my e-mail to Mr. Mikel is attached hereto as **Exhibit B.**

11.     On April 6, 2018, Mr. Mr. Witham emailed a brief response to my April 5, 2018 email.  A true and correct copy of Mr. Witham's email is attached hereto as **Exhibit C.**  Because there was no resolution short of withdrawal of the motion, I did not respond to Mr. Witham's email.

12.     On April 6, 2018, I received Mr. Mikel's substantive response to my email. A true and correct copy of Mr. Mikel's April 6, 2018 email to me is attached hereto as **Exhibit D**.

13.     Contrary to Mr. Mikel's representations in his email, I did not fabricate the Local Rule regarding font.  On April 5, I pulled the most recent version of the Local Rules for the Central District of California from the Court's website.  I read Local Rule 11-3.1.1, which states:

> **L.R.  11-3.1.1  Font.** Either a proportionally spaced or a monospaced font may be used.  A proportionally spaced font must be standard (e.g., non-condensed) 14-point or larger, or as the Court may otherwise order.  A monospaced font may not contain more than 10-1/2 characters per inch.

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

-3-

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

14.    On April 6, 2018, after receiving Mr. Mikel's email, I checked the font on the motion with a ruler.  I repeatedly found between 14 and 17 characters per inch, not the 10-1/2 characters required by the rule.   Given the Court's admonishments during the January 29 hearing, the painfully condensed font in Mountains' motion appears to be nothing more than an attempt to circumvent the page limit.

15.    Mr. Mikel's April 6 email (Exhibit D) accuses me of not engaging in the meet and confer process.  The problems with the "joint motion" described above, as well as Mr. Mikel's insistence that my representation of Local Rule 11-3.1.1 was merely an "Espie Rule" (Espie is my nickname) caused me to request that Mr. Mikel commit his communications to me to writing.  Mr. Mikel was able to meet and confer efforts with me regarding Mountains' motion to dismiss Relator's Complaint and later Mountains' motion to dismiss Relator's FAC in writing.  There was no reason why Mr. Mikel did not write to meet and confer regarding Mountains' motion to dismiss Relator's SAC.

16.    Relator's SAC references CMS Form 2552, which is more properly entitled CMS Form 2552-10.   I pulled this form from Medicare's website https://www.cms.gov/regulations-and-Guidance/Guidance/Transmittals/Downloads/R3P240f.pdf.  CMS Form 2552-10 is 161 pages long.  Accordingly, I have not attached the whole form as an exhibit here. Instead, I have attached as **Exhibit E** a true and correct copy of the first 5 pages of CMS Form 2552-10.  Question 105 at the top of Page 5 asks hospitals to state: "Does this hospital qualify as a Critical Access Hospital (CAH)?"

///

///

///

///

///

- 4 -

1    I declare under penalty of perjury under the laws of the United States that the

2    foregoing is true and correct.

3    Dated this 9th day of April 2018 at Pasadena, California.

4

5                                        _/s/Esperanza Cervantes Anderson___
                                          Esperanza Cervantes Anderson
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

-5-

# EXHIBIT A

## Extension Request

From: Clinton Mikel <CMikel@thehlp.com>
Date:  02/06/2018 11:53AM
To:    "esperanza@andersonlitigation.com" <esperanza@andersonlitigation.com>
Cc:    James Witham <jwitham@thehlp.com>

Hi, Espie,

I am not sure if you are planning on re-filing. If you are, I am hoping that you will stipulate to an extension to our response time (there are pre-planned vacations during the 14-day period).

In return, we would stipulate to pre-schedule our Motion to Dismiss (if applicable) with you so that you do not run into a response time-crunch.

If this works let me know and we can either review your stip order (or we would be happy to prepare the same for your review).

Best, Clinton

Exhibit A Page007

## Re: Extension Request

From: Esperanza C. Anderson <esperanza@andersonlitigation.com>
Date:  02/07/2018 01:36PM
To:    CMikel@thehlp.com
Cc:    jwitham@thehlp.com

---

Were you waiting for me to draft it, or for another email saying it was OK?

I can prepare it but if we do not file it today, then I withdraw any agreement.  The reason is simple, if the court doesn't get the stipulation with sufficient time to rule on it before my SAC is due, then there really is no point.

Please let me know ASAP what you are planning to do.

Thanks,

Espie


On Wed, 7 Feb 2018 21:29:44 +0000, Clinton Mikel wrote:

Was waiting for yous


Sent from Nine. Excuse voice transcription errors.




### Clinton Mikel

*Partner*
**The Health Law Partners, P.C.**
p:  (248) 996-8510 m:(313)600-8587
f:  (248) 996-8525
a:  32000 Northwestern Hwy., #240, Farmington Hills, MI 48334
w:  www.thehlp.com e:cmikel@thehlp.com



The Health Law Partners, P.C. (HLP), is a Michigan professional corporation. The HLP operates additional offices in New York as "The Greenberg, Dresevic, Iwrey, Kalmowitz & Pendleton Law Group".

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Exhibit A Page008

**CONFIDENTIAL**: This electronic message and all contents contain information which may be privileged, confidential or otherwise protected from use/disclosure. Some information, such as health information, may be further protected by state and federal laws, which may impose liability for the recipient's improper use, disclosure, or retention of the information. The information is for the addressee only. If you are not the addressee, any disclosure, copy, retention, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify HLP immediately by calling (248) 996-8510 or emailing us at partners@thehlp.com, and destroy the original communication and all copies thereof.

**From:** Esperanza Anderson <esperanza@andersonlitigation.com>
**Sent:** Wednesday, February 7, 2018 4:28 PM
**To:** Clinton Mikel
**Cc:** James Witham
**Subject:** Re: Extension Request

Are you preparing the stipulation?

Sent from my iPad

On Feb 7, 2018, at 11:47 AM, Esperanza Anderson <esperanza@andersonlitigation.com> wrote:

> That works
>
> Sent from my iPhone
>
> On Feb 7, 2018, at 10:04 AM, Clinton Mikel <CMikel@thehlp.com> wrote:
>
>> I can do April 30 without having to move anything
>>
>> **From:** Esperanza Anderson [mailto:esperanza@andersonlitigation.com]
>> **Sent:** Wednesday, February 7, 2018 11:55 AM
>> **To:** Clinton Mikel <CMikel@thehlp.com>
>> **Cc:** James Witham <jwitham@thehlp.com>
>> **Subject:** Re: Extension Request
>>
>> Not trying to be difficult but an important part of this stip is knowing the date of the hearing. Please discuss amongst yourselves and get back to me. Thx
>>
>> Sent from my iPad
>>
>> On Feb 7, 2018, at 7:47 AM, Clinton Mikel <CMikel@thehlp.com> wrote:
>>
>>> Will agree to work on hearing dates. Have to shuffle some stuff around so I am not able to commit to a date in the next little bit unfortunately. But can do so soon (likely after you have filed the SAC, if you do so).
>>>
>>> **From:** Esperanza Anderson [mailto:esperanza@andersonlitigation.com]
>>> **Sent:** Wednesday, February 7, 2018 10:45 AM

**To:** Clinton Mikel <CMikel@thehlp.com>
**Subject:** Re: Extension Request

Those dates would be agreeable as well as choosing a date for the hearing now so that we do not have a time crunch on the opposition. Thx

Sent from my iPad

On Feb 7, 2018, at 7:25 AM, Clinton Mikel <CMikel@thehlp.com> wrote:

> That would place SAC due on Feb 20, 2018. So, you are giving us seven additional days added to the 14 we would have to respond, with our response due by March 13, 2018. Please confirm these date and draft the stip. and orderfor review if this is agreeable.
>
> Best, Clinton
>
> On Feb 7, 2018, at 12:34 AM, Esperanza Anderson <esperanza@andersonlitigation.com> wrote:
>
>> Clinton -
>>
>> We are going to file a second amended complaint. Actually, it would help us greatly to have an extension on the deadline to file it.
>>
>> We can agree to a mutual 7 day extension on the deadlines - e.g. A 7 day extension for Relator to file his second amended complaint and a 7 day extension for Mountains to file its response.
>>
>> Please advise. If you are agreeable, we would have to get something on file tomorrow otherwise the Court would not have sufficient time to consider it before Plaintiff's amended complaint is due.
>>
>> Thanks,
>>
>> Espie
>>
>> Sent from my iPad
>>
>> On Feb 6, 2018, at 11:53 AM, Clinton Mikel <CMikel@thehlp.com> wrote:

Exhibit A Page010

Hi, Espie,

I am not sure if you are planning on re-filing. If you are, I am hoping that you will stipulate to an extension to our response time (there are pre-planned vacations during the 14-day period).

In return, we would stipulate to pre-schedule our Motion to Dismiss (if applicable) with you so that you do not run into a response time-crunch.

If this works let me know and we can either review your stip order (or we would be happy to prepare the same for your review).

Best, Clinton

**Attachments** ( 1 file, 45.0 KB)
 - part2.dat   (45.0 KB)

Exhibit A Page011

# Draft Stipulation

From: Esperanza C. Anderson <esperanza@andersonlitigation.com>
Date:  02/07/2018 01:54PM
To:    cmikel@thehlp.com
Cc:    jwitham@thehlp.com

Clinton -

Please find a draft of the stipulation.  I will forward a proposed order in a minute.

In the meantime, please let me know if you have any changes?

thanks,

Espie

**Law Office of Esperanza C. Anderson |** 1037 N. Allen Avenue **|** Pasadena, CA 91104 **|**
Tel.: (626) 219–6773 **|** Fax: (626) 389–8911 **|** Cell: (626) 497–1321

The information contained in this e-mail (including attachments) is only for the personal and confidential use of the sender and recipient named above. If the reader is not the intended recipient, you have received this message in error. Please notify the sender immediately by e-mail and delete or destroy the original message and all copies.

**Attachments** ( 1 file, 52.9 KB)
 - 2018.02.07 Stip re SAC.docx   (52.9 KB)

1  | Esperanza Cervantes Anderson | SBN 197953
2  | **LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**
   | 1037 North Allen Avenue
   | Pasadena, California 91104
3  | Tel.:   (626) 486-2477
   | Fax:   (626) 389-8911
4  |
   | Attorney for Plaintiff Relator
5  | FRANK ADOMITIS
6
7
8  | UNITED STATES DISTRICT COURT
9  | CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION - RIVERSIDE
10
11
12 | UNITED STATES OF AMERICA            Case No.: 5:17-cv-00002-JGB-KK
   | ex rel. FRANK ADOMITIS, an          (Hon. Jesus G. Bernal)
13 | individual,
14 |                 Relator,            **JOINT STIPULATION TO:**
15 |        v.                           **1. CONTINUE THE DEADLINE**
                                         **   FOR PLAINTIFF/RELATOR**
16 | SAN BERNARDINO                      **   TO FILE A SECOND**
   | MOUNTAINS COMMUNITY                 **   AMENDED COMPLEINT;**
17 | HOSPITAL DISTRICT; DOES 1           **2. FOR DEFENDANT TO FILE**
   | through 20, inclusive,              **   RESPONSIVE PLEADING**
18 |                                     **   TO SECOND AMENDED**
   |                 Defendants.         **   COMPLAINT; AND**
19 |                                     **3. TO SCHEDULE THE**
20 |                                     **   HEARING ON ANY MOTION**
   |                                     **   TO DISMISS FILED BY**
21 |                                     **   DEFENDANT**
22 |
23 |                                     Date:        February 13, 2018
24
25
26
27
28

- 1 -

**TO THE HONORABLE COURT AND ALL COUNSEL OF RECORD:**

Plaintiff/ Relator Frank Adomitis ("Plaintiff/Relator") by and through his counsel, and Defendant San Bernardino Mountains Community Hospital District ("Mountains") by and through its counsel of record, hereby stipulate as follows:

1.     WHEREAS, Mountains filed a Motion to Dismiss Plaintiff/Relator's First Amended Complaint pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6) which was heard on January 29, 2018 at 9:00 a.m.;

2.     WHEREAS, the Court granted Mountains' Motion to Dismiss with leave to amend;

3.     WHEREAS, the Court set a deadline for Plaintiff/Relator to file the Second Amended Complaint by **February 13, 2018**;

4.     WHEREAS, a pleading filed on Febraury 13, 2018 would require a response by February 27, 2018;

5.     WHEREAS, Mountains anticipates filing another Motion to Dismiss, and has requested additional time to file that pleading, if any;

6.     WHEREAS, additional time would also enable Plaintiff/Relator to gather all relevant information for the amended pleading;

7.     WHEREAS, Mountains has also agreed to schedule the hearing on any Motion to Dismiss on April 30, 2018 so as to accommodate the schedule of Plaintiff/Relator's counsel;

THE PARTIES HEREBY STIPULATE and request that the Court enter an Order:

8.     Continuing the deadline for Plaintiff/Relator to file the Second Amended Complaint by one week, up to and including **February 20, 2018**;

9.     Continuing the deadling for Mountains to file its responsive pleading by one week to March 13, 2018; and

10.     Setting the hearing on any Motion to Dismiss filed by Mountains for April 30, 2018, or any date thereafter.

STIPULATION REGARDING SECOND AMENDED COMPLAINT
Case No. 5:17-cv-00002-JGB-KK
Exhibit A Page 014

11.    Good cause exists to grant this Stipulation to allow sufficient time for an amended pleading which may obviate the need for a Motion to Dismiss, and to accommodate the schedules of counsel for both parties.

DATED:  February 7, 2018.        **LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**

By: _____
Esperanza Cervantes Anderson, Esq.
Attorney for Plaintiff/relator
UNITED STATES OF
AMERICA, ex rel., FRANK ADOMITIS

DATED:  February 7, 2018.        **THE HEALTH LAW PARTNERS, P.C.**

By: _____
Clinton Mikel
Attorney for Defendant
SAN BERNARDINO MOUNTAINS
COMMUNITY HOSPITAL DISTRICT

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

# Re: Draft Stipulation - Proposed Order

From: Esperanza C. Anderson <esperanza@andersonlitigation.com>
Date: 02/07/2018 02:05PM
To:    cmikel@thehlp.com
Cc:    jwitham@thehlp.com

Attached is the draft Proposed Order.  Please let me know if you have any edits. thanks

On Wed, 07 Feb 2018 16:54:40 -0500, Esperanza C. Anderson wrote:

Clinton -

Please find a draft of the stipulation. I will forward a proposed order in a minute.

In the meantime, please let me know if you have any changes?

thanks,

Espie

**Law Office of Esperanza C. Anderson |** 1037 N. Allen Avenue **|** Pasadena, CA 91104 **|**
Tel.: (626) 219−6773**|** Fax: (626) 389−8911 **|** Cell: (626) 497−1321

The information contained in this e−mail (including attachments) is only for the personal and confidential use of the sender and recipient named above. If the reader is not the intended recipient, you have received this message in error. Please notify the sender immediately by e−mail and delete or destroy the original message and all copies.

**Attachments** ( 1 file, 47.9 KB)
 - 2018.02.07 Proposed Order re Stip re SAC.docx   (47.9 KB)

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION - RIVERSIDE

10

11

12   UNITED STATES OF AMERICA          Case No.: 5:17-cv-00002-JGB-KK
     ex rel. FRANK ADOMITIS, an        (Hon. Jesus G. Bernal)
13   individual,

14             Relator,                **[*PROPOSED*] ORDER ON
                                       JOINT STIPULATION TO:**
15        v.                           **1. CONTINUE THE DEADLINE
                                          FOR PLAINTIFF/RELATOR**
16   SAN BERNARDINO                       **TO FILE A SECOND**
     MOUNTAINS COMMUNITY                  **AMENDED COMPLEINT;**
17   HOSPITAL DISTRICT; DOES 1          **2. FOR DEFENDANT TO FILE**
     through 20, inclusive,               **RESPONSIVE PLEADING**
18                                        **TO SECOND AMENDED**
               Defendants.                **COMPLAINT; AND**
19                                      **3. TO SCHEDULE THE**
                                          **HEARING ON ANY MOTION**
20                                        **TO DISMISS FILED BY**
                                          **DEFENDANT**
21

22

23

24

25

26

27

28

- 1 -

1   Pursuant to the Stipulation of Plaintiff/Relator Frank Adomitis

2   ("Plaintiff/Relator") and Defendant San Bernardino Mountains Community

3   Hospital District ("Mountains") to extend the deadline for Plaintiff/Relator to file a

4   Second Amended Complaint, for extend the deadline for Mountains to file its

5   responsive pleading on a Second Amended Complaint and set the hearing on any

6   Motion to Dismiss the Second Amended Complaint, and for good cause shown, it is

7   hereby ORDERED:

8   1.   Plaintiff/Relator shall have until **February 20, 2018** to file a Second

9   Amended Complaint pursuant to the Court's Order dated January 30, 2018 [Docket

10  No. 23.]

11  2.   Defendant Mountains shall have until **March 13, 2018** to file its

12  responsive pleading to Plaintiff/Relator's Second Amended Complaint;

13  3.   To the extent Mountains files a Motion to Dismiss, the hearing on

14  Defendant Mountains' Motion to Dismiss will be scheduled for **April 30, 2018** at

15  9:00 a.m. in Courtroom 1 of the United States District Court, 3470 Twelfth Street,

16  Riverside, California 92501,

17

18  IT IS SO ORDERED.

19

20

21

22  DATED: _____, 2018   _____

23   Honorable Jesus G. Bernal
     United States District Court Judge

24

25

26

27

28

- 2 -

PASA

**RE: Draft Stipulation - Proposed Order**

From: James Witham <jwitham@thehlp.com>
Date: 02/08/2018 08:56AM
To: "esperanza@andersonlitigation.com" <esperanza@andersonlitigation.com>

Yes.

V/r



**JAMES RANDALL WITHAM, ESQ.**
ATTORNEY & COUNSELOR
JWITHAM@THEHLP.COM
-------------------------------------
32000 NORTHWESTERN HWY., SUITE 240
FARMINGTON HILLS, MI 48334>
PHONE (248) 996-8510
FAX (248) 996-8525
WWW.THEHLP.COM

DETROIT — NEW YORK

* = The Health Law Partners, P.C. (HLP), is a Michigan professional corporation. The HLP operates additional offices in: New York as "The Greenberg, Dresevic, Iwrey, Kalmowitz & Pendleton Law Group".

*************************************************************************
**Confidential**: This electronic message and all contents contain information from the HLP law firm which may be privileged, confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify HLP immediately by calling 248-996-8510, or emailing me at jwitham@thehlp.com, and destroy the original communication and all copies thereof.

**From:** Esperanza C. Anderson [mailto:esperanza@andersonlitigation.com]
**Sent:** Thursday, February 8, 2018 11:55 AM
**To:** James Witham <jwitham@thehlp.com>
**Subject:** RE: Draft Stipulation - Proposed Order

do I have your permission to put in /s/ Clinton Mikel ?  I think we have to have the full name. thx

On Thu, 8 Feb 2018 16:50:01 +0000, James Witham wrote:


Espie,
Please see enclosed and accept changes before filing. Thank you.
V/r



**JAMES RANDALL WITHAM, ESQ.**
ATTORNEY & COUNSELOR
JWITHAM@THEHLP.COM
-------------------------------------
32000 NORTHWESTERN HWY., SUITE 240
FARMINGTON HILLS, MI 48334>
PHONE (248) 996-8510
FAX (248) 996-8525
WWW.THEHLP.COM
DETROIT – NEW YORK

∗ = The Health Law Partners, P.C. (HLP), is a Michigan professional corporation. The HLP operates additional offices in: New York as "The Greenberg, Dresevic, Iwrey, Kalmowitz & Pendleton Law Group".
*********************************************************
**Confidential**: This electronic message and all contents contain information from the HLP law firm which may be privileged, confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify HLP immediately by calling 248-996-8510, or emailing me at jwitham@thehlp.com, and destroy the original communication and all copies thereof.

**From:** Esperanza C. Anderson [mailto:esperanza@andersonlitigation.com]
**Sent:** Thursday, February 8, 2018 11:20 AM
**To:** James Witham <jwitham@thehlp.com>; Clinton Mikel <CMikel@thehlp.com>
**Subject:** RE: Draft Stipulation - Proposed Order
Hi -- this looks fine. The only other change I noticed should be made is that I spelled "deadline" wrong in paragraph 9 of the stip. If you fix that and send it back to me signed, or with the /s/, I can file it this morning.

thanks

On Thu, 8 Feb 2018 15:10:11 +0000, James Witham wrote:


Espie,
Please see enclosed revisions.
V/r



## James Randall Witham, Esq.

Attorney & Counselor

jwitham@thehlp.com

-------------------------------------

32000 Northwestern Hwy., Suite 240

Farmington Hills, MI 48334>

Phone (248) 996-8510

Fax (248) 996-8525

WWW.THEHLP.COM

Detroit – New York

\* = The Health Law Partners, P.C. (HLP), is a Michigan professional corporation. The HLP operates additional offices in: New York as "The Greenberg, Dresevic, Iwrey, Kalmowitz & Pendleton Law Group".

*************************************************************

**Confidential**: This electronic message and all contents contain information from the HLP law firm which may be privileged, confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify HLP immediately by calling 248-996-8510, or emailing me at jwitham@thehlp.com, and destroy the original communication and all copies thereof.

**From:** Esperanza C. Anderson [mailto:esperanza@andersonlitigation.com]
**Sent:** Wednesday, February 7, 2018 5:05 PM
**To:** Clinton Mikel <CMikel@thehlp.com>
**Cc:** James Witham <jwitham@thehlp.com>
**Subject:** Re: Draft Stipulation - Proposed Order
Attached is the draft Proposed Order. Please let me know if you have any edits. thanks

On Wed, 07 Feb 2018 16:54:40 -0500, Esperanza C. Anderson wrote:
Clinton -

Please find a draft of the stipulation. I will forward a proposed order in a minute.

In the meantime, please let me know if you have any changes?

thanks,

Espie


**Law Office of Esperanza C. Anderson |** 1037 N. Allen Avenue **|** Pasadena, CA 91104 **|** Tel.: (626) 219-6773**|** Fax: (626) 389-8911 **|** Cell: (626) 497-1321


The information contained in this e-mail (including attachments) is only for the personal and confidential use of the sender and recipient named above. If the reader is not the

intended recipient, you have received this message in error. Please notify the sender immediately by e-mail and delete or destroy the original message and all copies.

---

**Attachments** ( 1 file, 3.2 KB)
 - image002.jpg   (3.2 KB)

1  Esperanza Cervantes Anderson | SBN 197953
   **LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**
2  1037 North Allen Avenue
   Pasadena, California 91104
3  Tel.:  (626) 486-2477
   Fax:   (626) 389-8911
4
   Attorney for Plaintiff Relator
5  FRANK ADOMITIS

6

7

8              UNITED STATES DISTRICT COURT

9  CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION - RIVERSIDE

10

11

12 UNITED STATES OF AMERICA          Case No.: 5:17-cv-00002-JGB-KK
   ex rel. FRANK ADOMITIS, an        (Hon. Jesus G. Bernal)
13 individual,

14          Relator,               **JOINT STIPULATION TO:**
                                   **1. CONTINUE THE DEADLINE**
15          v.                     **   FOR PLAINTIFF/RELATOR**
                                   **   TO FILE A SECOND**
16 SAN BERNARDINO                  **   AMENDED COMPLEINT;**
   MOUNTAINS COMMUNITY             **2. FOR DEFENDANT TO FILE**
17 HOSPITAL DISTRICT; DOES 1       **   RESPONSIVE PLEADING**
   through 20, inclusive,          **   TO SECOND AMENDED**
18                                 **   COMPLAINT; AND**
            Defendants.            **3. TO SCHEDULE THE**
19                                 **   HEARING ON ANY MOTION**
                                   **   TO DISMISS FILED BY**
20                                 **   DEFENDANT**

21

22

23                                 Date:        February 13, 2018

24

25

26

27

28

                                    - 1 -

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

Exhibit A Page023

**TO THE HONORABLE COURT AND ALL COUNSEL OF RECORD:**

Plaintiff/ Relator Frank Adomitis ("Plaintiff/Relator") by and through his counsel, and Defendant San Bernardino Mountains Community Hospital District ("Mountains") by and through its counsel of record, hereby stipulate as follows:

1.      WHEREAS, Mountains filed a Motion to Dismiss Plaintiff/Relator's First Amended Complaint pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6) which was heard on January 29, 2018 at 9:00 a.m.;

2.      WHEREAS, the Court granted Mountains' Motion to Dismiss with leave to amend;

3.      WHEREAS, the Court set a deadline for Plaintiff/Relator to file the Second Amended Complaint by **February 13, 2018**;

4.      WHEREAS, a pleading filed on Febraury 13, 2018 would require a response by February 27, 2018;

5.      WHEREAS, Mountains anticipates filing another Motion to Dismiss, and has requested additional time to file that pleading, if any;

6.      WHEREAS, additional time would also enable Plaintiff/Relator to gather all relevant information for the amended pleading;

7.      WHEREAS, Mountains has also agreed to schedule the hearing on any Motion to Dismiss on April 30, 2018 so as to accommodate the schedule of Plaintiff/Relator's counsel;

THE PARTIES HEREBY STIPULATE and request that the Court enter an Order:

8.      Continuing the deadline for Plaintiff/Relator to file the Second Amended Complaint by one week, up to and including **February 20, 2018**;

9.      Continuing the deadline for Mountains to file its response by one week to March 13, 2018; and

10.     Setting the hearing on any Motion to Dismiss filed by Mountains for April 30, 2018, or any date thereafter.

- 2 -

STIPULATION REGARDING SECOND AMENDED COMPLAINT
CASE NO.: 5:17-cv-00002-JGB-KK

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

**Deleted:** g

**Deleted:** ive pleading

11.    Good cause exists to grant this Stipulation to allow sufficient time for an amended pleading which may obviate the need for a Motion to Dismiss, and to accommodate the schedules of counsel for both parties.

DATED:  February 8, 2018.    **LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**

By:
_____
Esperanza Cervantes Anderson, Esq.
Attorney for Plaintiff/relator
UNITED STATES OF
AMERICA, ex rel., FRANK ADOMITIS

DATED:  February 8, 2018.    **THE HEALTH LAW PARTNERS, P.C.**

By: /s/
_____
Clinton Mikel
Attorney for Defendant
SAN BERNARDINO MOUNTAINS
COMMUNITY HOSPITAL DISTRICT

Deleted: 7

Deleted: 7

- 3 -
STIPULATION REGARDING SECOND AMENDED COMPLAINT
CASE NO.: 5:17-cv-00002-JGB-KK

Exhibit A Page025



1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION - RIVERSIDE

10
11
12    UNITED STATES OF AMERICA          Case No.: 5:17-cv-00002-JGB-KK
      ex rel. FRANK ADOMITIS, an        (Hon. Jesus G. Bernal)
13    individual,
14                 Relator,             [*PROPOSED*] ORDER ON
                                        JOINT STIPULATION TO:
15          v.                          1.  **CONTINUE THE DEADLINE**
16    SAN BERNARDINO                        **FOR PLAINTIFF/RELATOR**
      MOUNTAINS COMMUNITY                   **TO FILE A SECOND**
17    HOSPITAL DISTRICT; DOES 1             **AMENDED COMPLEINT;**
      through 20, inclusive,            2.  **FOR DEFENDANT TO FILE**
18                                          **RESPONSIVE PLEADING**
                   Defendants.              **TO SECOND AMENDED**
19                                          **COMPLAINT; AND**
20                                      3.  **TO SCHEDULE THE**
                                            **HEARING ON ANY MOTION**
21                                          **TO DISMISS FILED BY**
22                                          **DEFENDANT**
23
24
25
26
27
28

                                      - 1 -
      [*PROPOSED*] ORDER RE JOINT STIPULATION RE SECOND AMENDED COMPLAINT
                     CASE NO.: 5:17-CV-00002-JGB-KK

Pursuant to the Stipulation of Plaintiff/Relator Frank Adomitis ("Plaintiff/Relator") and Defendant San Bernardino Mountains Community Hospital District ("Mountains") to extend the deadline for Plaintiff/Relator to file a Second Amended Complaint, for extending the deadline for Mountains to file its responsive pleading or Motion to Dismiss on a Second Amended Complaint and set the hearing on any Motion to Dismiss the Second Amended Complaint, and for good cause shown, it is hereby ORDERED:

1.      Plaintiff/Relator shall have until **February 20, 2018** to file a Second Amended Complaint pursuant to the Court's Order dated January 30, 2018 [Docket No. 23.]

2.      Defendant Mountains shall have until **March 13, 2018** to file its response to Plaintiff/Relator's Second Amended Complaint;

3.      To the extent Mountains files a Motion to Dismiss, the hearing on Defendant Mountains' Motion to Dismiss will be scheduled for **April 30, 2018** at 9:00 a.m. in Courtroom 1 of the United States District Court, 3470 Twelfth Street, Riverside, California 92501,

IT IS SO ORDERED.

DATED: _____, 2018      _____
                                Honorable Jesus G. Bernal
                                United States District Court Judge

**Deleted:** responsive pleading

- 2 -
[*PROPOSED*] ORDER RE JOINT STIPULATION RE SECOND AMENDED COMPLAINT
CASE NO.: 5:17-cv-00002-JGB-KK

PASA

Exhibit A Page027

# EXHIBIT B

## US ex rel. Adomitis v. San Bernardino Mountains Community Hospital District

From: Esperanza C. Anderson <esperanza@andersonlitigation.com>
Date: 04/05/2018 02:51PM
To:     cmikel@thehlp.com

Mr. Mikel,

I am preparing my opposition to your premature Rule 12(b)(6)motion. I note that while you state compliance on page 2 of your filing with our Central District of California Local Rule 7-3, that conference did not occur. We never discussed the "substance of the contemplated motion and any potential resolution" as required in our Local Rules. Indeed, the Second Amended Complaint had not even been filed as of February 7, 2018. The initial deadline for the Second Amended Complaint that was provided in the Court's Order was February 13. On February 7, we discussed only a briefing schedule for a possible motion to dismiss in exchange for additional time for Relator to file a Second Amended Complaint.

I am concered that your representations to the Court not mere oversight, but are an effort to mislead to seek advantage, and I intend to raise it with Judge Bernal in opposition. We had no discussions about your motion to dismiss at any time after Relator filed the Second Amended Complaint on February 20, 2018. I urge you to voluntarily withdraw your motion immediately. If you have a different recollection as to the conference occuring, please advise.

On a separate but related note, your disregard for our formatting requirements is another attempt to evade the page-limitations. While it appears that you have utilized the required 14pt font, the condensed spacing violates Local Rule 11-3.1.1 (Font. Either a proportionally spaced or a monospaced font may be used. A proportionally spaced font must be standard (e.g., non-condensed) 14-point or larger, or as the Court may otherwise order.)

I intend to highlight these and other issues with Judge Bernal as well and will ask him to strike the brief unless you withdraw it in the meantime.

Best regards,

Espie
**Law Office of Esperanza C. Anderson** | 1037 N. Allen Avenue | Pasadena, CA 91104 |
Tel.: (626) 219-6773 | Fax: (626) 389-8911 | Cell: (626) 497-1321


The information contained in this e-mail (including attachments) is only for the personal and confidential use of the sender and recipient named above. If the reader is not the intended recipient, you have received this message in error. Please notify the sender

immediately by e-mail and delete or destroy the original message and all copies.

Exhibit B 030

# EXHIBIT C

Exhibit C 031

4:04 PM

# US ex rel. Adomitis v. San Bernardino Mountains Community Hospital District: Response to Procedural Arguments

| | |
|---|---|
| From: | James Witham <jwitham@thehlp.com> |
| Date: | 04/06/2018 06:15AM |
| To: | "esperanza@andersonlitigation.com" <esperanza@andersonlitigation.com> |
| Cc: | Clinton Mikel <CMikel@thehlp.com> |

Dear Espie

We disagree with your email. Clinton will provide a more substantive email later to you today. With that being said, are you looking for more time to respond or are you willing to withdraw your complaint in light of the present motion to dismiss? If either of these options are viable, please let us know. Ultimately, even if you are successful in making your procedural arguments, it will only drag the case out longer. Clinton will simply refile the motion to dismiss. Please clearly articulate to us what you are seeking so that we can attempt to work this out.

V/r



**JAMES RANDALL WITHAM, ESQ.**

ATTORNEY & COUNSELOR

JWITHAM@THEHLP.COM

------------------------------------

32000 NORTHWESTERN HWY., SUITE 240

FARMINGTON HILLS, MI 48334>

PHONE (248) 996-8510

FAX (248) 996-8525

WWW.THEHLP.COM

**DETROIT – NEW YORK**

\* = The Health Law Partners, P.C. (HLP), is a Michigan professional corporation. The HLP operates additional offices in: New York as "The Greenberg, Dresevic, Iwrey, Kalmowitz & Pendleton Law Group".

**************************************************************

**Confidential**: This electronic message and all contents contain information from the HLP law firm which may be privileged, confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify HLP immediately by calling 248-996-8510, or emailing me at jwitham@thehlp.com, and destroy the original communication and all copies thereof.

Exhibit C 032

**Attachments** ( 1 file, 3.2 KB)
 - image002.jpg   (3.2 KB)

Exhibit C 033

# EXHIBIT D

4/6/2018, 3:58 PM

# RE: US ex rel. Adomitis v. San Bernardino Mountains Community Hospital District

From: Clinton Mikel <CMikel@thehlp.com>
Date: 04/06/2018 04:24PM
To:    Esperanza Anderson <esperanza@andersonlitigation.com>
Cc:    James Witham <jwitham@thehlp.com>, Monique Selby <mselby@thehlp.com>, Clinton Mikel
       <CMikel@thehlp.com>

Hi, Espie,

Randall emailed you earlier inquiring about whether you were seeking an extension.

**Font**
L.R. 11-3.1.1 provides in full that:

> L.R. 11-3.1.1 Typeface. Either a proportionally spaced or a monospaced face may be used. A proportionally
> spaced face must be 14-point or larger, or as the Court may otherwise order. A monospaced face may not
> contain more than 10-1/2 characters per inch.

Despite your misrepresentation of the rule, there is no "font must be standard (e.g., non-condensed)" requirement.
There is likewise no Federal Rule on the same, nor any provision of Judge Bernal's standing order, that supports
your "**Espie Requirement**". Note that the font used is the same font/format used in the last order from Judge Bernal
in his Order of Dismissal (*Equity Text A* – a proprietary font that the Court happens to use, and that I have a license
for/which happens to be one of our firm's standard pleading format fonts (created by Matthew Butterick, author of Typography for Lawyers,
available here: https://www.amazon.com/Typography-Lawyers-2nd-Matthew-Butterick/dp/159839262X)).

In further support, even if we were to adopt the Espie Rule, and re-do the Motion using the Espie Rule (instead of
using Judge Bernal's Order font/format), it would still pass muster. So, using standard fonts pre-installed with MS
Word, we re-ran the same Motion using: (1) Microsoft Himalaya, (2) Adobe Arabic, and (3) Bodoni MT fonts. These
are all proportional fonts, 14 point size, standard spacing. They are all clearly less than the maximum briefing page
limit, and comply with the Court Rule, PLUS comply with the Espie Rule you just created. We could keep doing this
with additional fonts, but there is really no need.

Accordingly, we are neither attempting to, nor actually, briefing in excess of the mandated page limit, and we
complied with L.R. 11-3.1.1.

**LR 7-3**
We have likewise complied with L.R. 7-3.

As you know, our office has in the past experienced your unresponsiveness and failure to communicate in response
to L.R. 7-3 (and other) requests. See, for a small example, enclosed email correspondences. In fact, we have
previously cautioned you that your refusal to use telephonic communications could lead to issues with the ongoing
litigation in this case.

On February 6 and 7, 2018, we exchanged numerous correspondences with your office. All correspondences were related to our intention to file a 3rd Motion to Dismiss on materially the same grounds as have been previously briefed in the 1st and 2nd Motion to Dismiss. We further inquired as to whether you were even, in fact, planning on filing yet another amended complaint which would necessitate our seeking dismissal of the same. This is pertinent, since most relators counsel in your position (or with a case like yours) would have sought a settlement offer (*e.g.*, relator asks to voluntarily forgo re-filing/dismiss the case with prejudice, in exchange for defendant waiving the right to seek sanctions and the full-amount of attorneys' fees against both relator and your firm). You failed to do so.

Given our difficulties getting ahold of you, your missing scheduled calls in the past, and the continuance of the same issues, we fully complied with L.R. 7-3. The "substance of the contemplated motion" was known/contemplated (*i.e.*, we told you that we were going to file, and asked for a stipulated extension, and the "potential resolution" related to the same was addressed (*i.e.*, are you going to continue with filing another amended complaint, or do we need to go through another round of dismissal). Note that we could have just as easily, and also in compliance with L.R. 7-3, utilized the two previous L.R. 7-3 dates since our motion is on materially the same issues. You did not agree to proposed resolutions then, and you signaled that you would not agree to something similar now.

Regarding your assertion that:

> "I am concered [sic] that your representations to the Court [sic] not mere oversight, but are an effort to mislead to seek advantage"

Materially the same issues were briefed in all previous motions to dismiss. In the past we have likewise met and conferred about these same issues and were unable to resolve them informally before hearing. Nothing has changed. As a result, when we discussed the scheduling of a Motion to Dismiss in February with you, you were inclined to resolve that motion through briefing to the court.

No reasonable person could see this as an effort to mislead to seek advantage. It appears that you are, in fact, engaging in the behavior you are accusing our firm of. We filed our Motion to Dismiss on March 13, 2018 (the agreed upon date). You have had nearly a month to communicate any procedural issues with our motion. **You waited to raise these issues with us until April 5, 2018, 4 days before your Opposition is due!** Who, then, is misleading to seek advantage?

Moreover, your current stance highly suggests that you would not consider resolving any of the issues involved in our current Motion to Dismiss. For instance, you did not abide by the Court's Order and limit Count III's claims to 2010.

The purpose of L.R. 7-3 is to conserve time and resources of the parties and the Court by "allow[ing] for a possible informal resolution of an issue without court intervention, but also [to] enable the parties to brief the remaining disputes in a thoughtful, concise and useful manner." *Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK VBKX, 2013 WL 6987905, at *2 (C.D. Cal. June 3, 2013). The purpose was met, in form and substance.

In any event, it is reasonable to believe that the parties to this case will require the Court's assistance in resolving the current motion to dismiss because you will not agree to the dismissal of your case. See *USA v Kan-Di-Ki LLC*, No. CV 10-965-JST (RZX), 2013 WL 12147597, at *2 (CD Cal March 21, 2013) (The court recognizes that in some instances it is not feasible to adequately meet and confer before filing a motion); *Blajos v Co of Orange*, No. SACV071063JVSRNBX, 2008 WL 11343366, at *1 (CD Cal April 7, 2008) (Court did not order the motion off the

Webmail 7.0: US ex rel. Adomitis v. Mountains Community Hospital District

Case 5:17-CV-00002-JGB-KK   Document 29-1   Filed 04/09/18   Page 38 of 46   Page ID #:939

4/6/2018, 3:58 PM

calendar in light of failure to abide by L.R. 7-3 where no reason to prolong scheduling found); *Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK VBKX, 2013 WL 6987905, at *2 (C.D. Cal. June 3, 2013) (strickening of motion under LR 7-3 appropriate upon showing that motion has no legal basis *[ed: here, we won the underlying Motion to Dismiss that is being re-filed]*).

You have not conveyed to us what prejudice you have suffered through any alleged non-compliance of L.R. 7-3. We have also sent you correspondence indicating that we are amenable to moving the hearing, but it appears that you are nevertheless prepared to respond to our motion. Accordingly, if you are prepared to respond to our motion (and you have had approximately a month to prepare your response), the relief you seek is moot and contrary to the purpose of L.R. 7-3.

**We are happy to hear from you further on this, and willing to discuss any reasonable proposals.**

**Conclusion**
If you have any questions, please let us know ASAP. We are always happy to informally resolve issues without wasting Court resources.

Best, Clinton


*Note new address below. Please update our contact information.*



### Clinton Mikel
*Partner*
**The Health Law Partners, P.C.**
p:       (248) 996-8510  m: (313) 600-8587
f:       (248) 996-8525
a:       32000 Northwestern Hwy., #240, Farmington Hills, MI 48334
w:       www.thehlp.com   e: cmikel@thehlp.com


The Health Law Partners, P.C. (HLP), is a Michigan professional corporation. The HLP operates additional offices in New York as "The Greenberg, Dresevic, Iwrey, Kalmowitz & Pendleton Law Group".

*********************************************************************

**CONFIDENTIAL**: This electronic message and all contents contain information which may be privileged, confidential or otherwise protected from use/disclosure. Some information, such as health information, may be further protected by state and federal laws, which may impose liability for the recipient's improper use, disclosure, or retention of the information. The information is for the addressee only. If you are not the addressee, any disclosure, copy, retention, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify HLP immediately by calling (248) 996-8510, or emailing us at partners@thehlp.com, and destroy the original communication and all copies thereof.

*********************************************************************

This message is not meant to constitute an electronic signature or evidence intent to contract electronically.

---

**From:** Esperanza C. Anderson <esperanza@andersonlitigation.com>
**Sent:** Thursday, April 5, 2018 5:51 PM
**To:** Clinton Mikel <cMikel@thehlp.com>
**Subject:** US ex rel. Adomitis v. San Bernardino Mountains Community Hospital District

Mr. Mikel,

I am preparing my opposition to your premature Rule 12(b)(6)motion. I note that while you state compliance on page 2 of your filing with our Central District of California Local Rule 7-3, that conference did not occur. We never discussed the "substance of the contemplated motion and any potential resolution" as required in our Local Rules. Indeed, the Second Amended Complaint had not even been filed as of February 7, 2018. The initial deadline for the Second Amended Complaint that was provided in the Court's Order was February 13. On February 7, we discussed only a briefing schedule for a possible motion to dismiss in exchange for additional time for Relator to file a Second Amended Complaint.

I am concered that your representations to the Court not mere oversight, but are an effort to mislead to seek advantage, and I intend to raise it with Judge Bernal in opposition. We had no discussions about your motion to dismiss at any time after Relator filed the Second Amended Complaint on February 20, 2018. I urge you to voluntarily withdraw your motion immediately. If you have a different recollection as to the conference occuring, please advise.

On a separate but related note, your disregard for our formatting requirements is another attempt to evade the page-limitations. While it appears that you have utilized the required 14pt font, the condensed spacing violates Local Rule 11-3.1.1 (Font. Either a proportionally spaced or a monospaced font may be used. A proportionally spaced font must be standard (e.g., non-condensed) 14-point or larger, or as the Court may otherwise order.)

I intend to highlight these and other issues with Judge Bernal as well and will ask him to strike the brief unless you withdraw it in the meantime.

Best regards,

Espie

**Law Office of Esperanza C. Anderson** | 1037 N. Allen Avenue | Pasadena, CA 91104 |
Tel.: (626) 219-6773 | Fax: (626) 389-8911 | Cell: (626) 497-1321

The information contained in this e-mail (including attachments) is only for the personal and confidential use of the sender and recipient named above. If the reader is not the intended recipient, you have received this message in error. Please notify the sender immediately by e-mail and delete or destroy the original message and all copies.

**Attachments** ( 27 files, 1.7 MB)
 - image003.png   (528.0 B)
 - image004.jpg   (5.8 KB)
 - MCH Motion to Dismiss 2nd Amended Complaint 4834-5447-5613 v.pdf   (333.0 KB)
 - MCH Motion to Dismiss 2nd Amended Complaint 4834-5447-5613 v.pdf   (437.0 KB)

- MCH Motion to Dismiss 2nd Amended Complaint 4834-5447-5613 v.pdf   (404.6 KB)
- part_5.eml   (23.5 KB)
- image001.jpg   (3.2 KB)
- part_6.eml   (15.3 KB)
- image002.jpg   (3.2 KB)
- part_7.eml   (14.5 KB)
- image003.jpg   (3.2 KB)
- part_8.eml   (60.5 KB)
- image003.png   (528.0 B)
- image004.jpg   (3.5 KB)
- part_9.eml   (27.3 KB)
- image003.png   (528.0 B)
- image004.jpg   (3.5 KB)
- part_10.eml   (50.5 KB)
- image002.jpg   (3.5 KB)
- image003.png   (528.0 B)
- part_11.eml   (38.4 KB)
- 2_signature_19368440392337259019171652774.png   (796.0 B)
- 2_signature_16973690669590686188340008375.png   (12.8 KB)
- part_12.eml   (134.6 KB)
- image003.jpg   (3.2 KB)
- Notice of Withdraw - Motion to Exceed page limit.docx   (55.1 KB)
- Stip and Order - Motion to Exceed page limit.docx   (58.1 KB)

# EXHIBIT E

10-12 FORM CMS-2552-10 4090 (Cont.)

| | |
|---|---|
| This report is required by law (42 USC 1395g; 42 CFR 413.20(b)).  Failure to report can result in all interim payments made since the beginning of the cost reporting period being deemed overpayments (42 USC 1395g). | FORM APPROVED OMB NO. 0938-0050 |

| HOSPITAL AND HOSPITAL HEALTH CARE COMPLEX COST REPORT CERTIFICATION AND SETTLEMENT SUMMARY | PROVIDER CCN: | PERIOD FROM _____ TO _____ | WORKSHEET S PARTS I, II & III |
|---|---|---|---|

**PART I - COST REPORT STATUS**

| Provider use only | 1. [ ] Electronically filed cost report<br>2. [ ] Manually submitted cost report<br>3. [ ] If this is an amended report enter the number of times the provider resubmitted this cost report<br>4 [ ] Medicare Utilization.  Enter "F" for full or "L" for low. | Date: | Time: | |
|---|---|---|---|---|
| Contractor use only | 5. [   ] Cost Report Status<br>    (1) As Submitted<br>    (2) Settled without audit<br>    (3) Settled with audit<br>    (4) Reopened<br>    (5) Amended | 6. Date Received:_____<br>7. Contractor No.:_____<br>8. [  ] Initial Report for this Provider CCN<br>9. [  ] Final Report for this Provider CCN | 10. NPR Date:_____<br>11. Contractor's Vendor Code: _____<br>12. [ ] If line 5 , column 1 is 4: Enter number of<br>          times reopened = 0-9. | |

**PART II - CERTIFICATION**

MISREPRESENTATION OR FALSIFICATION OF ANY INFORMATION CONTAINED IN THIS COST REPORT MAY BE PUNISHABLE BY CRIMINAL, CIVIL AND ADMINISTRATIVE ACTION, FINE AND/OR IMPRISONMENT UNDER FEDERAL LAW.  FURTHERMORE, IF SERVICES IDENTIFIED IN THIS REPORT WERE PROVIDED OR PROCURED THROUGH THE PAYMENT DIRECTLY OR INDIRECTLY OF A KICKBACK OR WERE OTHERWISE ILLEGAL, CRIMINAL, CIVIL AND ADMINISTRATIVE ACTION, FINES AND/OR IMPRISONMENT MAY RESULT.

CERTIFICATION BY OFFICER OR ADMINISTRATOR OF PROVIDER(S)

I HEREBY CERTIFY that I have read the above certification statement and that I have examined the accompanying electronically filed or manually submitted cost report and the Balance Sheet and Statement of Revenue and Expenses prepared by _____(Provider Name(s) and Number(s)for the cost reporting period beginning _____ and ending _____ and to the best of my knowledge and belief, this report and statement are true, correct, complete and prepared from the books and records of the provider in accordance with applicable instructions, except as noted. I further certify that I am familiar with the laws and regulations regarding the provision of health care services, *and that the services* identified in this cost report were provided in compliance with such laws and regulations.

(Signed) _____

_____
Officer or Administrator of Provider(s)

_____
Title

_____
Date

**PART III - SETTLEMENT SUMMARY**

| | | TITLE V | TITLE XVIII | | HIT | TITLE XIX | |
|---|---|---|---|---|---|---|---|
| | | | PART A | PART B | | | |
| | | 1 | 2 | 3 | 4 | 5 | |
| 1 | HOSPITAL | | | | | | 1 |
| 2 | SUBPROVIDER - IPF | | | | | | 2 |
| 3 | SUBPROVIDER - IRF | | | | | | 3 |
| 4 | SUBPROVIDER (OTHER) | | | | | | 4 |
| 5 | SWING BED - SNF | | | | | | 5 |
| 6 | SWING BED - NF | | | | | | 6 |
| 7 | SKILLED NURSING FACILITY | | | | | | 7 |
| 8 | NURSING FACILITY | | | | | | 8 |
| 9 | HOME HEALTH AGENCY | | | | | | 9 |
| 10 | HEALTH CLINIC - RHC | | | | | | 10 |
| 11 | HEALTH CLINIC - FQHC | | | | | | 11 |
| 12 | OUTPATIENT REHABILITATION PROVIDER (Specify) | | | | | | 12 |
| 200 | TOTAL | | | | | | 200 |

The above amounts represent "due to" or "due from" the applicable program for the element of the above complex indicated.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0938-0050.  The time required to complete this information collection is estimated 673 hours per response, including the time to review instructions, search existing resources, gather the data needed, and complete and review the information collection. If you have any comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to:  CMS, 7500 Security Boulevard, Attn: PRA Report Clearance Officer, Mail Stop C4-26-05, Baltimore, Maryland 21244-1850.

FORM CMS-2552-10 (10-2012)  (INSTRUCTIONS FOR THIS WORKSHEET ARE PUBLISHED IN CMS PUB 15-2, SECTIONS 4003.1-4003.3)

Rev. 3 40-503

| 4090 (Cont.) | FORM CMS-2552-10 | | | 10-12 |

| HOSPITAL AND HOSPITAL HEALTH CARE COMPLEX IDENTIFICATION DATA | PROVIDER CCN: | PERIOD FROM _____ TO _____ | WORKSHEET S-2 PART I |

Hospital and Hospital Health Care Complex Address:

| | | | | | |
|---|---|---|---|---|---|
| 1 | Street: | P.O. Box: | | | 1 |
| 2 | City: | State: | Zip Code: | County: | 2 |

Hospital and Hospital-Based Component Identification:

| | Component | Component Name | CCN Number | CBSA Number | Provider Type | Date Certified | Payment System (P, T, O, or N) | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | V | XVIII | XIX | |
| | 0 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | |
| 3 | Hospital | | | | | | | | | 3 |
| 4 | Subprovider- IPF | | | | | | | | | 4 |
| 5 | Subprovider- IRF | | | | | | | | | 5 |
| 6 | Subprovider- (Other) | | | | | | | | | 6 |
| 7 | Swing Beds-SNF | | | | | | | | | 7 |
| 8 | Swing Beds-NF | | | | | | | | | 8 |
| 9 | Hospital-Based SNF | | | | | | | | | 9 |
| 10 | Hospital-Based NF | | | | | | | | | 10 |
| 11 | Hospital-Based OLTC | | | | | | | | | 11 |
| 12 | Hospital-Based HHA | | | | | | | | | 12 |
| 13 | Separately Certified ASC | | | | | | | | | 13 |
| 14 | Hospital-Based Hospice | | | | | | | | | 14 |
| 15 | Hospital-Based Health Clinic-RHC | | | | | | | | | 15 |
| 16 | Hospital-Based Health Clinic-FQHC | | | | | | | | | 16 |
| 17 | Hospital-Based (CMHC, *CORF and OPT*) | | | | | | | | | 17 |
| 18 | Renal Dialysis | | | | | | | | | 18 |
| 19 | Other | | | | | | | | | 19 |
| 20 | Cost Reporting Period (mm/dd/yyyy) | From:_____ | To: _____ | | | | | | | 20 |
| 21 | Type of control  (see instructions) | | | | | | | | | 21 |

Inpatient PPS Information

| | | | | | | | 1 | 2 | |
|---|---|---|---|---|---|---|---|---|---|
| 22 | Does this facility qualify and is it currently receiving payments for disproportionate share hospital adjustment, in accordance with 42 CFR §412.106?  In column 1, enter "Y" for yes or "N" for no.  Is this facility subject to 42 CFR §412.06 (c )(2) (Pickle amendment hospital)?  In column 2, enter "Y" for yes or "N" for no. | | | | | | | | 22 |
| 23 | Which method is used to determine Medicaid days on lines 24 and/or 25 below?  In column 1, enter 1 if date of admission, 2 if census days, or 3 if date of discharge.  Is the method of identifying the days in this cost reporting period different from the method used in the prior cost reporting period?  In column 2, enter "Y" for yes or "N" for no. | | | | | | | | 23 |

| | | In-State Medicaid paid days | In-State Medicaid eligible *unpaid* days | Out-of-State Medicaid paid days | Out-of State Medicaid eligible *unpaid* days | Medicaid HMO days | Other Medicaid days | |
|---|---|---|---|---|---|---|---|---|
| | | 1 | 2 | 3 | 4 | 5 | 6 | |
| 24 | *If this provider is an IPPS hospital* , enter the in-state Medicaid paid days in col. 1, in-state Medicaid eligible *unpaid* days in col. 2, out-of-state Medicaid paid days in col. 3, out-of-state Medicaid eligible *unpaid* days in col. 4, Medicaid HMO *paid and eligible but unpaid* days in col. 5, and other Medicaid days in col. 6. | | | | | | | 24 |
| 25 | *If this provider is an IRF* , enter the in-state Medicaid paid days in col. 1, in-state Medicaid eligible *unpaid* days in col. 2, out-of-state Medicaid paid days in col. 3, out-of state Medicaid eligible *unpaid* days in col. 4 Medicaid HMO *paid and eligible but unpaid* days in col. 5 and other Medicaid days in col. 6. | | | | | | | 25 |

| | | | | | |
|---|---|---|---|---|---|
| 26 | Enter your standard geographic classification (not wage) status at the beginning of the cost reporting period.  Enter "1" for urban or "2" for rural. | | | | 26 |
| 27 | Enter your standard geographic classification (not wage) status at the end of the cost reporting period.  *Enter in column 1,*  "1" for urban or "2" for rural.  *If applicable enter the effective date of the geographic reclassification in column 2.* | | | | 27 |

FORM CMS-2552-10 (10-2012) (INSTRUCTIONS FOR THIS WORKSHEET ARE PUBLISHED IN CMS PUB. 15-2, SECTION 4004.1)

Rev. 3

Exhibit E 042

| 10-12 | FORM CMS-2552-10 | 4090 (Cont.) |
|---|---|---|

| HOSPITAL AND HOSPITAL HEALTH CARE COMPLEX IDENTIFICATION DATA | PROVIDER CCN: _____ | PERIOD FROM _____ TO _____ | WORKSHEET S-2 PART I (CONT.) |
|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| 35 | If this is a sole community hospital (SCH), enter the number of periods SCH status in effect in the cost reporting period. | | | | 35 |
| 36 | Enter applicable beginning and ending dates of SCH status.  Subscript line 36 for number of periods in excess of one and enter subsequent dates. | Beginning:_____ | Ending: _____ | | 36 |
| 37 | If this is a Medicare dependent hospital (MDH), enter the number of periods MDH status in effect in the cost reporting period. | | | | 37 |
| 38 | Enter applicable beginning and ending dates of MDH status.  Subscript line 38 for number of periods in excess of one and enter subsequent dates. | Beginning:_____ | Ending: _____ | | 38 |

| | | V | XVIII | XIX | |
|---|---|---|---|---|---|
| | Prospective Payment System (PPS)-Capital | 1 | 2 | 3 | |
| 45 | Does this facility qualify and receive capital payment for disproportionate share in accordance with 42 CFR §412.320?  (see instructions) | | | | 45 |
| 46 | Is this facility eligible for *additional payment exception for extraordinary circumstances* pursuant to 42 CFR §412.348(f) ? If yes, complete Worksheet L, Part III and L-1, Parts I through III. | | | | 46 |
| 47 | Is this a new hospital under 42 CFR §412.300 PPS capital?  Enter "Y for yes or "N" for no. | | | | 47 |
| 48 | Is the facility electing full federal capital payment?  Enter "Y" for yes or "N" for no. | | | | 48 |

| | | 1 | 2 | 3 | |
|---|---|---|---|---|---|
| | Teaching Hospitals | | | | |
| 56 | Is this a hospital involved in training residents in approved GME programs?  Enter "Y" for yes or "N" for no. | | | | 56 |
| 57 | If line 56 is yes, is this the first cost reporting period during which residents in approved GME programs trained at this facility?  Enter "Y" for yes or "N" for no in column 1.<br>If column 1 is "Y" did residents start training in the first month of this cost reporting period?  Enter "Y" for yes or "N" for no in column 2.  If column 2 is "Y", complete Worksheet E-4.<br>If column 2 is "N", complete Worksheet D, Part*s* III & IV and D-2, Part II, if applicable. | | | | 57 |
| 58 | If line 56 is yes, did this facility elect cost reimbursement for physicians' services as defined in CMS Pub. 15-1, section 2148?<br>If yes, complete Worksheet D-5. | | | | 58 |
| 59 | Are costs claimed on line 100 of Worksheet A?  If yes, complete Worksheet D-2, Part I. | | | | 59 |
| 60 | Are you claiming nursing school and/or allied health costs for a program that meets the provider-operated criteria under §413.85?  Enter "Y" for yes or "N" for no.  (see instructions) | | | | 60 |
| | | Y/N | IME Average | Direct GME Average | |
| 61 | Did your facility receive additional FTE slots under ACA section 5503?  Enter "Y" for yes or "N" for no in column 1.  If "Y", effective for portions of cost reporting periods beginning<br>on or after July 1, 2011 enter the average number of primary care FTE residents for IME in column 2 and direct GME in column 3, from the hospital's three most recent<br>cost reports ending and submitted before March 23, 2010.  (see instructions) | | | | 61 |

| | | | | | |
|---|---|---|---|---|---|
| | ACA Provisions Affecting the Health Resources and Services Administration (HRSA) | | | | |
| 62 | Enter the number of FTE residents that your hospital trained in this cost reporting period for which your hospital received HRSA PCRE funding (see instructions) | | | | 62 |
| 62 | Enter the number of FTE residents that rotated from a Teaching Health Center (THC) into your hospital during this cost reporting period of HRSA THC program.  (see instructions) | | | | 62.01 |

| | | | | | |
|---|---|---|---|---|---|
| | Teaching Hospitals that Claim Residents in Non-Provider Settings | | | | |
| 63 | Has your facility trained residents in non-provider settings during this cost reporting period? Enter "Y" for yes or "N" for no.  If yes, complete lines 64-67.  (see instructions) | | | | 63 |
| | | Unweighted FTEs Nonprovider Site | Unweighted FTEs in Hospital | Ratio (col. 1/ (col. 1 + col. 2)) | |
| | Section 5504 of the ACA Base Year FTE Residents in Nonprovider settings--This base year is your cost reporting period that begins on or after July 1, 2009 and before June 30, 2010. | | | | |
| 64 | Enter in column 1, *if line 63 is yes, or your facility trained residents in the base year period,* the number of unweighted non-primary care resident FTEs attributable to rotations occurring<br>in all non-provider settings.  Enter in column 2 the number of unweighted non-primary care resident FTEs that trained in your hospital.<br>Enter in column 3 the ratio of (column 1 divided by (column 1 + column 2)).  (see instructions) | | | | 64 |

| | | | | Unweighted FTEs Nonprovider Site | Unweighted FTEs in Hospital | Ratio (col. 3/ (col. 3 + col. 4)) | |
|---|---|---|---|---|---|---|---|
| | | Program Name | Program Code | | | | |
| | | 1 | 2 | 3 | 4 | 5 | |
| 65 | Enter in column 1,  *if line 63 is yes, or your facility trained residents in the base year period,*  the program name.<br>Enter in column 2 the program code, enter in column 3 the number of unweighted primary care resident FTEs attributable to<br>rotations occurring in all non-provider settings.  Enter in column 4 the number of unweighted primary care resident FTEs that<br>trained in your hospital.  Enter in column 5 the ratio of (column 3 divided by (column 3 + column 4)).  (see instructions) | | | | | | 65 |

| 4090 (Cont.) | FORM CMS-2552-10 | | | 10-12 |
|---|---|---|---|---|

| HOSPITAL AND HOSPITAL HEALTH CARE COMPLEX IDENTIFICATION DATA | PROVIDER CCN: | PERIOD FROM _____ TO _____ | WORKSHEET S-2 PART I (CONT.) |
|---|---|---|---|

| | | | Unweighted FTEs Nonprovider Site | Unweighted FTEs in Hospital | Ratio (col. 1/ (col. 1 + col. 2)) | |
|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | |
| 66 | Enter in column 1 the number of unweighted non-primary care resident FTEs attributable to rotations occurring in all non-provider settings.  Enter in column 2 the number of unweighted non-primary care resident FTEs that trained in your hospital. Enter in column 3 the ratio of (column 1 divided by (column 1 + column 2)).  (see instructions) | | | | | | 66 |

| | Program Name | Program Code | Unweighted FTEs Nonprovider Site | Unweighted FTEs in Hospital | Ratio (col. 3/ (col. 3 + col. 4)) | |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | |
| 67 | Enter in column 1 the program name.  Enter in column 2 the program code.  Enter in column 3 the number of unweighted primary care FTE residents attributable to rotations occurring in all non-provider settings.  Enter in column 4 the number of unweighted primary care resident FTEs that trained in your hospital.  Enter in column 5 the ratio of (column 3 divided by (column 3 + column 4)).  (see instructions) | | | | | | 67 |

Inpatient Psychiatric Facility PPS

| | | 1 | 2 | 3 | |
|---|---|---|---|---|---|
| 70 | Is this facility an Inpatient Psychiatric Facility (IPF), or does it contain an IPF subprovider?  Enter "Y" for yes or "N" for no. | | | | 70 |
| 71 | If line 70 yes:<br>Column 1:  Did the facility have a teaching program in the most recent cost report filed on or before November 15, 2004?  Enter "Y" for yes or "N" for no.<br>Column 2:  Did this facility train residents in a new teaching program in accordance with 42 CFR §412.424 (d)(1)(iii)(D)?  Enter "Y" for yes or "N" for no.<br>Column 3:  If column 2 is Y, enter 1, 2 or 3 respectively in column 3.  (see instructions)  If this cost reporting period covers the beginning of the fourth year, enter 4 in column 3, or if the subsequent academic years of the new teaching program in existence, enter 5.  (see instructions) | | | | 71 |

Inpatient Rehabilitation Facility PPS

| 75 | Is this facility an Inpatient Rehabilitation Facility (IRF), or does it contain an IRF subprovider?  Enter "Y" for yes or "N"  for no. | | | | 75 |
|---|---|---|---|---|---|
| 76 | If line 75 yes:<br>Column 1:  Did the facility have a teaching program in the most recent cost reporting period ending on or before November 15, 2004?  Enter "Y" for yes or "N" for no.<br>Column 2:  Did this facility train residents in a new teaching program in accordance with 42 CFR §412.424 (d)(1)(iii)(D)?  Enter "Y" for yes or "N" for no.<br>Column 3:  If column 2 is Y, enter 1, 2 or 3 respectively in column 3.  (see instructions)  If this cost reporting period covers the beginning of the fourth year, enter 4 in column 3, or if the subsequent academic years of the new teaching program in existence, enter 5.  (see instructions) | | | | 76 |

Long Term Care Hospital PPS

| 80 | Is this facility a Long Term Care Hospital (LTCH)?  Enter "Y" for yes or "N" for no. | | | 80 |
|---|---|---|---|---|

TEFRA Providers

| 85 | Is this a new hospital under 42 CFR §413.40(f)(1)(i) TEFRA?  Enter "Y" for yes or "N" for no. | | | 85 |
|---|---|---|---|---|
| 86 | Did this facility establish a new Other subprovider (excluded unit) under 42 CFR §413.40(f)(1)(ii)?  Enter "Y" for yes or "N" for no. | | | 86 |

| | | V | XIX | |
|---|---|---|---|---|
| | | 1 | 2 | |

Title V and XIX Inpatient Services

| 90 | Does this facility have title V and/or XIX inpatient hospital services?  Enter "Y" for yes or "N" for no in applicable column. | | | 90 |
|---|---|---|---|---|
| 91 | Is this hospital reimbursed for title V and/or XIX through the cost report either in full or in part?  Enter "Y" for yes or "N" for no in the applicable column. | | | 91 |
| 92 | Are title XIX NF patients occupying title XVIII SNF beds (dual certification)?  (see instructions)  Enter "Y" for yes or "N" for no in the applicable column. | | | 92 |
| 93 | Does this facility operate an ICF/MR facility for purposes of title V and XIX?  Enter "Y" for yes or "N" for no in the applicable column. | | | 93 |
| 94 | Does title V or title XIX reduce capital cost?  Enter "Y" for yes or "N" for no in the applicable column. | | | 94 |
| 95 | If line 94 is "Y", enter the reduction percentage in the applicable column. | | | 95 |
| 96 | Does title V or title XIX reduce operating cost?  Enter "Y" for yes or "N" for no in the applicable column. | | | 96 |
| 97 | If line 96 is "Y", enter the reduction percentage in the applicable column. | | | 97 |

FORM CMS-2552-10 (10-2012) (INSTRUCTIONS FOR THIS WORKSHEET ARE PUBLISHED IN CMS PUB. 15-2, SECTION 4004.1)

Exhibit E 044

| 10-12 | FORM CMS-2552-10 | | | 4090 (Cont.) |
|---|---|---|---|---|

| HOSPITAL AND HOSPITAL HEALTH CARE COMPLEX IDENTIFICATION DATA | PROVIDER CCN: _____ | PERIOD FROM _____ TO _____ | WORKSHEET S-2 PART I (CONT.) |
|---|---|---|---|

**Rural Providers**

| | | 1 | 2 | |
|---|---|---|---|---|
| 105 | Does this hospital qualify as a Critical Access Hospital (CAH)? | | | 105 |
| 106 | If this facility qualifies as a CAH, has it elected the all-inclusive method of payment for outpatient services?  (see instructions) | | | 106 |
| 107 | Column 1: If this facility qualifies as a CAH, is it eligible for cost reimbursement for I&R training programs?  Enter "Y" for yes or "N" for no in column 1.  (see instructions)  If yes, the GME elimination would not be on Worksheet B, Part I, column 25 and the program would be cost reimbursed. If yes complete Worksheet D-2, Part II. Column 2: If this is a CAH, do I&Rs in an approved medical education program train in the CAH's excluded  IPF and/or IRF unit?  Enter "Y" for yes or "N" for no in column 2.  (see instructions) | | | 107 |
| 108 | Is this a rural hospital qualifying for an exception to the CRNA fee schedule?  See 42 CFR §412.113(c).  Enter "Y" for yes or "N" for no. | | | 108 |

| | | Physical | Occupational | Speech | Respiratory | |
|---|---|---|---|---|---|---|
| 109 | If this hospital qualifies as a CAH or a cost provider, are therapy services provided by outside supplier? Enter "Y" for yes or "N" for no for each therapy. | | | | | 109 |

**Miscellaneous Cost Reporting Information**

| | | | | | |
|---|---|---|---|---|---|
| 115 | Is this an all-inclusive rate provider?  Enter "Y" for yes or "N" for no in column 1.  If yes, enter the method used (A, B, or E only) in column 2. *If column 2 is "E", enter in column 3 either "93" percent for short term hospital or "98" percent for long term care (includes psychiatric, rehabilitation and long term hospitals providers) based on the definition in CMS 15-1 §2208.1.* | | | | 115 |
| 116 | Is this facility classified as a referral center? Enter "Y" for yes or "N" for no. | | | | 116 |
| 117 | Is this facility legally-required to carry malpractice insurance? Enter "Y" for yes or "N" for no. | | | | 117 |
| 118 | Is the malpractice insurance a claims-made or occurrence policy? Enter 1 if the policy is claim- made.  Enter 2 if the policy is occurrence. | | | | 118 |

| | | Premiums | Paid losses | Self insurance | |
|---|---|---|---|---|---|
| *118.01* | *List amounts of malpractice premiums and paid losses:* | | | | *118.01* |
| *118.02* | *Are malpractice premiums and paid losses reported in a cost center other than the Administrative and General?  If yes, submit supporting schedule listing cost centers and amounts contained therein.* | | | | *118.02* |
| 119 | What is the liability limit for the malpractice insurance policy?  Enter in column 1 the monetary limit per lawsuit.  Enter in column 2 the monetary limit per policy year. | | | | 119 |
| 120 | Is this a SCH or EACH that qualifies for the Outpatient Hold Harmless provision in ACA §3121 *and applicable amendments?  (see instructions)*  Enter in column 1 "Y" for yes or "N" for no.  Is this a rural hospital with ≤100 beds that qualifies for the Outpatient Hold Harmless provision in ACA §3121 *and applicable amendments? (see instructions)*  Enter in column 2 "Y" for yes or "N" for no. | | | | 120 |
| 121 | Did this facility incur and report costs for implantable devices charged to patients? Enter "Y" for yes or "N" for no. | | | | 121 |

**Transplant Center Information**

| | | | | |
|---|---|---|---|---|
| 125 | Does this facility operate a transplant center?  Enter "Y" for yes or "N" for no.  If yes, enter certification date(s) (mm/dd/yyyy) below. | | | 125 |
| 126 | If this is a Medicare certified kidney transplant center, enter the certification date in column 1 and termination date, if applicable, in column 2. | | | 126 |
| 127 | If this is a Medicare certified heart transplant center, enter the certification date in column 1 and termination date, if applicable, in column 2. | | | 127 |
| 128 | If this is a Medicare certified liver transplant center, enter the certification date in column 1 and termination date, if applicable, in column 2. | | | 128 |
| 129 | If this is a Medicare certified lung transplant center, enter the certification date in column 1 and termination date, if applicable, in column 2. | | | 129 |
| 130 | If this is a Medicare certified pancreas transplant center, enter the certification date in column 1 and termination date, if applicable, in column 2. | | | 130 |
| 131 | If this is a Medicare certified intestinal transplant center, enter the certification date in column 1 and termination date, if applicable, in column 2. | | | 131 |
| 132 | If this is a Medicare certified islet transplant center, enter the certification date in column 1 and termination date, if applicable, in column 2. | | | 132 |
| 133 | If this is a Medicare certified other transplant center, enter the certification date in column 1 and termination date, if applicable, in column 2. | | | 133 |
| 134 | If this is an organ procurement organization (OPO), enter the OPO number in column 1 and termination date, if applicable, in column 2. | | | 134 |