Esperanza Cervantes Anderson | SBN 197953
**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**
1037 North Allen Avenue
Pasadena, California 91104
Tel.: (626) 219-6773
Fax: (626) 389-8911

Attorney for Plaintiff Relator
FRANK ADOMITIS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. FRANK ADOMITIS, an individual,<br><br>Relator,<br><br>v.<br><br>SAN BERNARDINO MOUNTAINS COMMUNITY HOSPITAL DISTRICT; DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. Case No.: 5:17-"L **FALSE CLAIMS ACT**<br>(31 U.S.C. §§ 3729 et seq.)<br><br>**PLAINTIFF/RELATOR'S OPPOSITION TO DEFENDANT'S CERTAIN REQUESTS FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Plaintiff-Relator Frank Adomitis ("Relator") hereby objects and requests a hearing on Defendant's Requests for Judicial Notice in support of its Motion to Dismiss pursuant to Federal Rule of Evidence 201(b).

**I. INTRODUCTION**

Relator filed a Second Amended Complaint on February 20, 2018 (Docket Entry No. 26), alleging various claims under the False Claims Act, 31 U.S.C. §§ 3729 *et seq*. Defendant San Bernardino Mountains Community Hospital District ("Mountains") filed a Motion to Dismiss the Complaint on March 13, 2018,

including various Request for Judicial Notice inserted within the memorandum of points and authorities at page six (6). Mountain's Request for Judicial Notice (Dckt. No. 27) is the subject of these objections.

## II. LEGAL STANDARD

It is well settled that "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quotations omitted); *see also Brocato v. Dep't of Corrections*, No. CV 06-00575 CJC (JEM), 2009 U.S. Dist. LEXIS 100382, at *7 (C.D. Cal. Sept. 21, 2009) ("On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must limit its review to the four corners of the operative complaint and may not consider facts presented in briefs or extrinsic evidence.").

A narrow exception exists for "unattached evidence on which the complaint necessarily relies." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). A complaint "necessarily relies" on a document where "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* In addition, the Court may take judicial notice pursuant to Federal Rule of Evidence 201 of "matters of public record," but not of facts that may be "subject to reasonable dispute." *Id.* (citing *Lee*, 250 F.3d at 689).

The consequences of taking judicial notice are significant. "Where the trial court has taken judicial notice of a fact, the jury must be instructed to accept that fact as conclusive. *Judicial notice also precludes either party from introducing evidence to disprove that fact*. The Ninth Circuit has accordingly urged the district courts to be cautious in taking judicial notice and to do so only when the matter is beyond controversy." *Metro. C. Trust v. Pricewaterhousecoopers, LLP,* 463 F. Supp. 2d 1193,

1197 (E.D. Wash. 2006) (internal citations and quotation marks omitted)(discussing Fed. R. Evid. 201(g) and *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir.2005)) (emphasis added).

Under Federal Rule of Evidence 201, the Court may take judicial notice of a fact only if it is: "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### A.  Relator's Objections to Common to All (Exhibits 1-7)

#### 1. Authentication

Because Mountain's failed to authenticate the documents attached to the RJN, these documents may not be judicially noticed. *CYBERsitter, LLC v. People's Republic of China*, 805 F. Supp. 2d 958, 963 (C.D. Cal. 2011) (denying request for judicial notice of "statements or images appearing on undated, unverified websites without an accompanying declaration as to when, where, and how such images or statements were obtained"); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010) ("Information from the internet does not necessarily bear an indicia of reliability and therefore must be properly authenticated by affidavit.")

### B.  Relator's Objections to Exhibit 4 "Current CMS Provider Information Forms for 4 California Hospitals"

**1. Relevance.** Exhibit 4 is irrelevant to any claim or defense in this motion, i.e., whether Relator's Complaint makes allegations sufficient to state a claim against defendant. *See* Fed. R. Evid. 401. Any summary information from CMS website about these four non-party hospitals is useless. *None* of these four hospitals have any stated or apparent affiliation with Mountians, none have any common officers, directors, employees – so whether they *are*, or are *not* being paid by CMS at this time is determinative of nothing in *this* action, and cannot

even be fairly argued to constitute a pattern of regulatory or agency activity.

Relevance is a predicate to valid judicial notice. The rule allowing judicial notice requires that the fact at issue also be "an adjudicative fact," Fed. R. Evid. 201(a), and, based upon this requirement, courts require that such facts satisfy the evidentiary rules regarding relevance as well. *See Blye v. Cal. Supreme Court*, No. 11-5046, 2014 U.S. Dist. LEXIS 7329, *3 (N.D. Cal. Jan. 21, 2014) ("[A]n irrelevant fact is one not of consequence in determining the action, *see* Fed. R. Evid. 401(b), and therefore cannot be classified as an adjudicative fact."); *La Spina v. Wucherer*, No. 96-1359, 1996 U.S. Dist. LEXIS 16095 (S.D. Cal. Oct. 9, 1996) (explaining that judicial notice is used to establish "relevant" facts).

Here, Mountain's has ignored that courts in this Circuit (and elsewhere) consistently deny requests to take judicial notice of irrelevant facts, especially where dispositive, where courts "consider only alleged facts that would be admissible in evidence." *Rosa v. TASER Int'l*, 684 F.3d 941, 948 (9th Cir. 2012); *Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010) (denying judicial notice because materials submitted were "not relevant to the disposition of this appeal"); *Donastorg v. Riverside County Sheriff's Dep't*, No. 12-1654, 2014 U.S. Dist. LEXIS 91169, *6-7 (C.D. Cal. May 7, 2014) (denying judicial notice where evidence irrelevant to summary judgment motion).

While less than clear as to what Mountains hopes to achieve with judicial notice, it can be assumed that Mountains hopes to bootstrap the contents of these reports to mean that there are four non-party hospitals that have an unimpeachable clean bill of health with CMS as CAHs, but so what?

**2. Hearsay.** Defendant's Request for Judicial Notice improperly attempts to submit statements by Defendants' *counsel*, as to the meaning or significance of the CMS Provider forms - for the truth of the matter asserted. The forms do not provide a *prima facie* evidence of the existence or absence of regulatory

or agency activity by CMS. Plaintiff appears to be seeking judicial notice Exhibits 4 to get around hearsay rules which prohibit the introduction of out-of-court statements offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c).

       **3. Not Generally Known Facts.** The existence of these documents are not "generally known within the trial court's territorial jurisdiction," nor can they "be accurately and readily determined from sources whose accuracy cannot be reasonably questioned" as is required under Federal Rule of Evidence 201(b). Like the *New York Times* report that the court denied judicial notice of in *Alabama Aircraft Indus., Inc.-Birmingham v. United States,* No. 08-470C, 2008 WL 2973952, 82 Fed.Cl. 757, 765 (Fed. Cl. July 31, 2008), none of the reports are "necessarily 'indisputable,' nor would [they] state facts 'whose accuracy cannot be questioned.'" Regulatory status with CMS does not mean that issues are wholly non-existant, that no similar disputes pending, past audits are without any issue, or CAH status squeaky clean, etc., so these reports cannot be "indisputable," and their significance, as they relate to an hospitals who are not even a party to this action, can most certainly "be questioned." Each of these four hospitals *may* have experienced significant historical regulatory/agency action. Even if the Court were inclined to take judicial notice of Exhibit 4, such notice should be limited.

    "[C]ourts may take judicial notice of publications introduced to indicate what was in the public realm at the time, *not whether the contents of those articles were in fact true.*" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir.2010) (emphasis added). "[T]he Court can only take judicial notice of the fact that the pages were published; *the Court cannot take judicial notice of the contents of the article*. As such, the Court will take judicial notice only of the fact that the pages that were submitted to the Court were published." *Lack v. Rustick*, No. 06-cv-02204, 2008 WL 268712, *4 (D. Ariz. Jan. 28, 2008) (emphasis added).

Plaintiff/Relator's Opposition to Defendant's Request for Judicial Notice

In sum, that these reports *exist* on the CMS website is the only possible legal significance that should be placed in a Request for Judicial Notice. But again, so what?

### C. Objections to Exhibit 6, "Brand Memo"

**1. Relevance**. Known as the "Brand Memo," it is irrelevant to the issues at hand in this case, i.e., whether Relator's SAC makes allegations sufficient to state a claim against defendant. *See* Fed. R. Evid. 401. The memorandum has no legal effect on Relators pending claim. To the extent that Mountains claims that any reliance on the State Operations Manual is contrary to the memorandum – it is not. The Brand Memo explains *how* guidance documents may be properly used in affirmative civil enforcement cases. To this effect, the Brand Memo approves of "guidance documents [that] simply explain or paraphrase legal mandates from existing statutes or regulations…" An explanatory guidance document could be used to "help prove that the party had the requisite **knowledge of the mandate**." (emphasis added).

### III. CONCLUSION

For the reasons set forth above, this Court should either deny Mountain's Request For Judicial Notice as to each of the seven Exhibits, or pursuant to Federal Rule of Evidence 201(a), allow Relator's objections to the request, as set forth above, to be heard at or before the hearing set on this matter.

DATED: April 9, 2018.

**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**

By: */s/Esperanza Cervantes Anderson*
Esperanza Cervantes Anderson, Esq.
Attorney for Plaintiff/relator
FRANK ADOMITIS