Clinton Mikel (SBN 251319)
cmikel@thehlp.com
The Health Law Partners, P.C.
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
P: (248) 996-8510; F: (248) 996-8525
Attorneys for Defendant
San Bernardino Mountains Community Hospital District

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| United States of America, *ex rel.*, Frank Adomitis,<br><br>Plaintiff,<br><br>vs.<br><br>San Bernardino Mountains Community Hospital District;<br>Does 1 through 20, inclusive;<br><br>Defendants. | Case No.: 5:17-cv-00002-JGB-KK<br>(Hon. Jesus G. Bernal)<br><br>**Defendant San Bernardino Mountains Community Hospital District's Memorandum in Reply to Relator's Opposition to Motion to Dismiss the Second Amended Complaint**<br><br>*Date*: April 30, 2018<br>*Time*: 9:00 AM<br>*Courtroom*: 1 |

# Table of Contents

**Introduction** .................................................................................................................. 1

**Argument** ....................................................................................................................... 2

    1.    Mountains Is in Compliance with L.R. 7-3 ........................................................ 2

    2.    Mountains Is in Compliance with L.R. 11-3.1.1 and other Related Allegations by Relator ........................................................................................................................ 5

    3.    Relator's Contention that This Court Cannot Take Judicial Notice of Facts Outside The Pleadings Holds No Merit ................................................................... 6

    4.    Relator's SAC Does Not Adequately Plead Fraud with The Requisite Specificity ................................................................................................................... 6

    5.    The SAC Does not Adequately Plead the Materiality Requirement ................... 8

        a.    Relator's Reliance on the Baylor Case is Misplaced. ...................................... 8

        b.    Relator Cannot Use Sub-regulatory Guidance as a means of Prosecuting an FCA Claim Against Mountains. ............................................................................ 10

        c.    Continued Payment to Mountains, Despite the Government's Actual Knowledge, Requires Dismissal. ........................................................................... 12

**Conclusion** .................................................................................................................. 12

# Table of Authorities

### Cases

*Baylor County Hospital District v. Burwell*,
  163 F.Supp.3d 372 (N.D. Tex. 2016) .................................................................. 2, 8

*Baylor Cty. Hosp. Dist. v. Price*,
  850 F.3d 257 (5th Cir. 2017) ............................................................................. 8, 10

*Blajos v Co of Orange*,
  No. SACV071063JVSRNBX, 2008 WL 11343366 (CD Cal April 7, 2008) .......... 4

*Caldera v. J.M. Smucker Co.*,
  No. CV 12-4936-GHK VBKX, 2013 WL 6987905 (C.D. Cal. June 3, 2013) ..... 4, 5

*Christensen v. Harris County*,
  529 US 576 (2000) .................................................................................................. 10

*Cumberland Cty. Hosp. Sys., Inc. v. Price*,
  No. 5:15-CV-319-D, 2017 WL 1048102 (E.D.N.C. Mar. 1, 2017) ...................... 10

*Ebeid ex rel. U.S. v. Lungwitz*,
  616 F.3d 993 (9th Cir. 2010) ............................................................................... 6, 7

*United States ex rel. Mateski v. Raytheon Co.*,
  No. 206CV03614ODWKSX, 2017 WL 1954942 (C.D. Cal. Feb. 10, 2017) ......... 7

*United States v. United Healthcare Ins. Co.*,
  848 F.3d 1161 (9th Cir. 2016) .................................................................................. 7

*Universal Health Servs., Inc. v. United States ex rel. Escobar*,
  136 S.Ct. 1989 (2016) ........................................................................................ 8-11

*USA v Kan-Di-Ki LLC*,
  No. CV 10-965-JST (RZX), 2013 WL 12147597 (CD Cal March 21, 2013) ......... 4

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ................................................................................. 8

Rules

Central District Local Rule ("L.R.") 7-3 ................................................................. 1-5

Fed. R. Civ. P. 11(a)(3) ................................................................................................ 2

Fed. R. Civ. P. 9(b) or 12(b)(6) ......................................................................... 1, 6, and 7

Fed. R. Civ. P. Rule 60 ................................................................................................ 5

Regulations

42 C.F.R. § 485.610(c) ................................................................................. 6, 7, 11, 12

iii

Defendant San Bernardino Mountains Community Hospital District's Memorandum in Reply to Relator's Opposition to Motion to Dismiss the Second Amended Complaint
Case No.: 5:17-cv-00002-JGB-KK

# INTRODUCTION

After three attempts to provide a complaint that is not saddled with repeated pleading deficiencies and statute of limitations issues, Relator, Frank Adomitis, still cannot produce a complaint that can survive a motion to dismiss pursuant to Fed. R. Civ. P. 9(b) or 12(b)(6).

In an attempt to distract this Court from the substantive issues fatal to Relator's claims, he brings to this Court alleged procedural violations. Despite Relator's contentions to the contrary, San Bernardino Mountains Community Hospital District ("**Mountains**") did comply with Central District Local Rule ("**L.R.**") 7-3 by meeting and conferring before filing its Motion to Dismiss the Second Amended Complaint ("**Motion**"). Furthermore, Mountains complied with L.R. 11-3.1.1.

As noted in Mountains' Response to Relator's Opposition to Defendant's Request for Judicial Notice ("**Mountains Response to Judicial Notice Opposition**"), this Court can take judicial notice of documents that either: relate to Relator's Second Amended Complaint ("**SAC**"); or are referenced by Relator's SAC. In fact, this Court has already taken judicial notice of many of these documents in its previous holding. (Doc. 23).

Relator still fails to adhere to Fed. R. Civ. P. 9(b), and to show, materiality because he does not plead his case with adequate specificity. Relator places too much emphasis on a CMS Form 2552-10 cost report that only broadly acknowledges compliance with CAH qualifications in general (on a 161 page document). Furthermore, 2552-10 is a generalized document -- Relator offers no specific form submitted by Mountains in connection with any claim for payment filed by Mountains. As a result, there are no allegations supporting the materiality of any claim for payment submitted by Mountains. Relator has not shown a history of previously denied claims for an existing CAH's failure to comply with the distance requirement, or any other showing that the government would recoup money for a violation of the distance requirement as it pertains to Mountains.

In an attempt to buttress Relator's position that his claims are material, he uses a single administrative law case, *Baylor County Hospital District v. Burwell*, 163 F.Supp.3d 372, 375 (N.D. Tex. 2016) ("*Baylor*"). This case does nothing to show whether a violation of the distance requirement or sub-regulatory guidance is material to the government's decision to pay a claim in a False Claims Act ("**FCA**") case with an existing CAH.

Furthermore, merely alleging that a representative from Mountains in 2002 acknowledged there was mountainous terrain or secondary roads with more than 15 miles to another general acute hospital is insufficient to show whether a separate claim for payment was false or material to the government's obligation to pay a specific claim. In addition, the fact that the United States Attorney General's Office is on notice of Relator's alleged false claims against Mountains is sufficient to conduct the analysis of materiality as established by *Escobar*. Lastly, Relator has failed to address several arguments raised by Mountains, and we do not endeavor to repeat the same here.

## ARGUMENT

### 1. Mountains Is in Compliance with L.R. 7-3

Despite Relator's contention to the contrary, Mountains did not violate Fed. R. Civ. P. 11(a)(3) and L.R. 7-3. Quite the opposite – Mountains has made numerous good-faith attempts to maintain lines of communication with Relator's counsel. (Declaration of Clinton Mikel ("**Mikel Decl.**") ,¶¶ 3-19). In fact, Mountains has repeatedly met and conferred with Relator's counsel about the same issues that are before this Court. (Mikel Decl., ¶ 3).

On or about October 20, 2017, the parties to this case discussed the fact that Relator's claims were subject to public disclosure and barred under the original source rule. (Id. at ¶¶ 4-5). It was also conveyed that Relator's claims were: not plead with adequate specificity; inappropriate in the face of established regulatory regimes; duplicative; and in violation of the statute of limitations. (Id.). As a result, Relator was well apprised of the issues before any motion to dismiss was filed by Mountains.

Furthermore, Relator's counsel decided she no longer wished to use telephonic conferences, so communication with her were reduced to writing. (Id .at ¶ 5, Exhibit 2). Despite this fact, Mountains continued to reach out to Relator in order to reach certain stipulations and for other related case discussions. (Id. at ¶¶ 6-9, 12 and 16). In particular, on November 8, 2017, Mountains communicated to Relator's counsel that her amended complaint would not resolve the same issues raised in Mountains' previous motion to dismiss. (Id. at ¶ 8). Furthermore, on November 20, 2017, Relator was informed by Mountains that the amended complaint still contained the same issues as defined in the October 20, 2017, discussion, as well as a lack of establishing materiality, knowledge, and intent. (Id. at ¶ 9).

After Relator's case was dismissed by this Court on January 30, 2018, Mountains and Relator endeavored to reach a briefing schedule in anticipation for the filing of the very same motion to dismiss that continues to be fatal to Relator's case. (Id. at ¶ 12). As a result, Relator has been on continued notice of the same issues involved in repeated motions to dismiss filed by Mountains. From on or about February 6-8, 2018, the parties to this case conferred and subsequently submitted a stipulated briefing order to the Court evidencing as much.

Despite difficulties in getting ahold of Relator, Mountains complied with L.R. 7-3. The "substance of the contemplated motion" was known/contemplated (*i.e.*, Mountains told Relator it was going to file, and asked for a stipulated extension), and the "potential resolution" related to the same was addressed (*i.e.*, was Relator going to let the case lapse, or was another round of motioning for dismissal appropriate). Relator did not agree to any proposed resolutions and signaled that he would not agree to something similar at the time. Regardless, this Motion is materially the same on all previous issues previously discussed with Relator.

Furthermore, Mountains has in no way engaged in an effort to mislead or to seek an unfair advantage from Relator. In fact, on April 5, 2018, (four days before Relator was

required to file a response) Relator brought alleged procedural deficiencies to the attention of Mountains. In good faith, Mountains tried to work out an amicable resolution to the dispute and even offered to support giving Relator more time to respond to Mountains' Motion. (Id. at ¶ 19). Unfortunately, Relator did not respond to any of Mountains' emails.

Furthermore, Relator is not devoid of his own procedural violations. For instance, he filed an opposition motion and brief against Mountains' Exhibits to its Motion without previously consulting with Mountains and filed a separate briefing, which is in violation of the very L.R. 7-3 rule alleged against Mountains and L.R. 11-6. Furthermore, Relator did not abide by the Court's Order and limit Count III's claims to 2010.

More importantly, Relator was given nearly a month to consider Mountains' Motion and to formulate a response. He has fully briefed a response and has cited no prejudice from any alleged violation of L.R. 7-3. Accordingly, reason stands to enable this Court to consider the substantive arguments by the parties because neither party is asking for an extension of time for additional briefing.

The purpose of L.R. 7-3 is to conserve time and resources of the parties and the Court by "allow[ing] for a possible informal resolution of an issue without court intervention, but also [to] enable the parties to brief the remaining disputes in a thoughtful, concise and useful manner." *Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK VBKX, 2013 WL 6987905, at *2 (C.D. Cal. June 3, 2013). This purpose was met, in form and substance.

In any event, it is reasonable to believe that the parties to this case will require the Court's assistance in resolving the current Motion. *See USA v Kan-Di-Ki LLC*, No. CV 10-965-JST (RZX), 2013 WL 12147597, at *2 (CD Cal March 21, 2013) (The court recognizes that in some instances it is not feasible to adequately meet and confer before filing a motion); *Blajos v Co of Orange*, No. SACV071063JVSRNBX, 2008 WL 11343366, at *1 (CD Cal April 7, 2008) (Court did not order the motion off the calendar in light of failure to abide by L.R. 7-3 where no reason to prolong scheduling found); *Caldera v. J.M.*

4
Defendant San Bernardino Mountains Community Hospital District's Memorandum in Reply to Relator's Opposition to Motion to Dismiss the Second Amended Complaint
Case No.: 5:17-cv-00002-JGB-KK

*Smucker Co.*, No. CV 12-4936-GHK VBKX, 2013 WL 6987905, at *2 (C.D. Cal. June 3, 2013) (strickening of motion under L.R. 7-3 appropriate upon showing that motion has no legal basis *[ed: here, Mountains won the previous underlying motion to dismiss that is essentially being re-filed on the same issues]*).

Relator cites various cases with inapposite facts to this case or with mixed findings that resulted in a dismissal on other grounds. (Doc. 29, pgs. 2-3). Similarly, Relator claims that it was unapprised of Mountains' Fed. R. Civ. P. 60 motion even though this issue was previously considered by both Relator and this Court. Accordingly, Mountains requests that this Court deny Relator's request for dismissal of Mountains' Motion.

## 2. Mountains Is in Compliance with L.R. 11-3.1.1 and other Related Allegations by Relator

Relator brings up several alleged procedural deficiencies by Mountains, none of which have shown material prejudice or bearing on this case. Moreover, the Declaration of Clinton Mikel squarely explains any alleged noncompliance with this Court's procedural rules and Mountains' diligence in conformance with this Court's rules. (Mikel Decl.). Although Mountains was mistakenly not in conformance with this Court's procedural briefing protocol in its previous reply brief, due to a confusion in local rules/standing orders, it has strived to stay in compliance with this Court's rules.

Moreover, the brief written by Mountains in support of its Motion is in compliance with L.R. 11-3.1.1 and other applicable requirements.[1] Relator accuses Mountains of using compressed type face and not using appropriate margins in an attempt to circumvent this Court's briefing requirements. In retort, examples of various font configurations were given to opposing counsel as an example showing how Mountains' briefing is in compliance with applicable rules. (Mikel Decl. ¶¶ 16-17, and Exhibit 8 attached thereto). A copy of these samples may be furnished to the Court upon request, using standard non-condensed fonts pre-installed with MS Word, ran on the same Motion using: (1)

---

[1] Relator does not articulate any violation of 11-3.2.

Microsoft Himalaya, (2) Adobe Arabic, and (3) Bodoni MT fonts. Mountains merely used this Court's preferred font, *Equity Text A*. More importantly, the fonts used were proportional 14-point size.

### 3. Relator's Contention that This Court Cannot Take Judicial Notice of Facts Outside The Pleadings Holds No Merit

As briefed in Mountains' Response to Judicial Notice Opposition, this Court and other courts have taken judicial notice of documents outside of pleadings when considering a motion to dismiss.

### 4. Relator's SAC Does Not Adequately Plead Fraud with The Requisite Specificity

Merely alleging that a representative from Mountains acknowledged there was mountainous terrain or secondary roads with more than 15 miles to another general acute hospital, in an application for participation as a CAH, is insufficient to show a false claim. The interpretation of sub-regulatory guidance Relator so heavily relies upon has changed over the years as to how the "mountainous terrain" distance requirements for 42 C.F.R. § 485.610(c) have been interpreted by CMS, and is too inconsistent for this Court to consider as an applicable standard. Accordingly, even if this Court were to consider Relator's argument, there is an insufficient pleading to show what sub-regulatory guidance was violated in interpreting 42 C.F.R. § 485.610(c) at the time of Mountains' alleged false statement in 2002 and all other years alleged, let alone whether the false statement was made with the requisite scienter by Mountains.

In an attempt to further supplement Relator's deficient pleadings, he attempts to highlight the purported use of CMS form 2552-10, a variation of CMS form 2552, as alleged in his SAC. This Court has already determined that the mere use or submission of CMS Form 2552 is not enough to show the requisite particularity or "reliable indicia" required from *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993 (9th Cir. 2010). (Doc. 23. P. 9).

In dismissing the plaintiff's complaint for failure to comply with Rule 9(b), the Court in *Ebeid*, set forth the requirements of Rule 9(b):

. . . "[I]n alleging fraud or mistake," Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake," including "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted). In addition, " '[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false.' " Id. (*quoting Decker v. GlenFed. Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc)).

*Ebeid*, 616 F.3d at 998.

In addition, "conclusory allegations of fraud are insufficient." *United States v. United Healthcare Ins. Co.,* 848 F.3d 1161, 1180 (9th Cir. 2016) *see also United States ex rel. Mateski v. Raytheon Co.*, No. 206CV03614ODWKSX, 2017 WL 1954942, at *3 (C.D. Cal. Feb. 10, 2017) (a claim under an implied false certification theory requires specific representations to be actionable).

Here, Relator attempts to further explain his SAC by arguing Mountains allegedly filed a CMS Form 2552-10 cost report which asks the user of the form whether the hospital qualifies as a CAH. (Doc. 29, p. 8). The CMS Form 2552-10 makes no specific reference to distance requirements, 42 C.F.R. § 485.610(c), sub-regulatory guidance, or any other statute or regulation demanding compliance. As such, what qualifies as a CAH on this form is widely open to interpretation and too broadly generalized to relate to compliance with any specific statutory regime. Furthermore, this specific question is too ambiguous in that it may only relate to whether the hospital has been designated by CMS as a CAH as opposed to any individualized opinion as to whether the user of the form believes the hospital is a CAH/meets all the myriad CAH conditions of participation. As a result, the mere alleged completion of this form alone does not give any particularized details as to any "fraudulent scheme" and certainly not "reliable indicia" as required by *Ebeid*.

## 5. The SAC Does not Adequately Plead the Materiality Requirement

### a. Relator's Reliance on the Baylor Case is Misplaced.

Relator mistakenly relies upon a single case, *Baylor County Hospital District v. Burwell*, 163 F.Supp.3d 372, 375 (N.D. Tex. 2016), as a source to establish materiality. In *Baylor* the Department of Health and Human Services ("**DHHS**") was charged through CMS with enforcing the secondary roads requirement under 42 C.F.R. § 485.610(c) ***in an enrollment application***. *Baylor Cty. Hosp. Dist. v. Price*, 850 F.3d 257, 260 (5th Cir. 2017). Baylor County Hospital District was in a battle with DHHS over its initial application for designation as a CAH. *Baylor*, 850 F.3d at 260. Nothing about this case involved: 1) the submission of claims to a federally funded governmental entity; 2) FCA liability; or 3) whether 42 C.F.R. § 485.610(c) or its interpretive sub-regulatory guidance is material to the government's decision to pay a claim submitted by an existing CAH. Moreover, *Baylor* never addressed sub-regulatory guidance defining "mountainous terrain" (which proves particularly troublesome to Relator in this instant case). Accordingly, Relator cannot use *Baylor* as a crutch to supplement his own deficient pleadings.

The United States Supreme Court in *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S.Ct. 1989, 2003 (2016) has identified several factors a relator must show to establish materiality. ***First***, "the Government's decision to expressly identify a provision as a condition of payment is relevant, but not automatically dispositive." *Escobar*, 136 S.Ct. 1989 at 2003. Here, 15-miles of distance via mountainous terrain is a condition of participation, not payment. ***Second***, "evidence that the defendant knows that the Government consistently ***refuses to pay*** claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement" supports a finding that the requirement is material. *Id*. Here, there is no such refusal – in fact, after the 2013 OIG Report, there was no "mine run" of distance non-compliant CAHs being de-certified or denied payment over failures to meet distance requirements.

8

Defendant San Bernardino Mountains Community Hospital District's Memorandum in Reply to Relator's Opposition to Motion to Dismiss the Second Amended Complaint
Case No.: 5:17-cv-00002-JGB-KK

CMS commented/collaborated on the 2013 OIG Report. Relator cites the *Baylor* administrative law case, yet, there, no payment was denied but rather enrollment was not procured (since distance requirements are conditions of participation). ***Third***, and "[c]onversely, if the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material." *Id.* Here, since the 2013 OIG Report, there has been a massive demonstration of lack of *Escobar* materiality – numerous specific CAHs[2] were identified as non-compliant for the issues that Relator alleges Mountains to be non-compliant. Relator does not cite a post-2013 wave of de-certifications, FCA actions, or refusals to pay, because he can't. No materiality. ***Fourth***, "if the Government regularly pays a particular type of claim in full despite actual knowledge that certain requirements were violated, and has signaled no change in position, that is strong evidence that the requirements are not material." *Id.* at 2003–04. The government's conduct after the 2013 OIG Report, with respect to Mountains and all other existing CAHs, mandates a finding that the distance requirements are not material to existing CAHs. Further, aware of Mountains' purported non-compliance since January 2017, the government continues to pay Mountains.

Relator has failed to establish materiality under any of these above-mentioned factors. As previously noted by this Court in its Order, the mere submission of form certifications for reimbursement from Medicare are insufficient to support a finding of materiality, irrespective of whether they require CAH qualification. (Doc. 23, pg. 8). "A misrepresentation cannot be deemed material merely because the Government designates compliance with a particular statutory, regulatory, or contractual requirement as a

---

[2] Contra to Relator's red-herrings, many of the CAHs surveyed that did not meet the distance requirements, per the OIG, were not "necessary provider" CAHs. So, those CAHs were not exempted from the distance requirements.

condition of payment." *Escobar*, 136 S.Ct. at 2003. Relator brings forth nothing new in the SAC.

Instead of supplying factual allegations of relevant denied claims from Mountains (or other existing CAHs) regarding this issue, he attempts to shoe horn a single administrative law case regarding enrollment (not payment) into the proposition that sub-regulatory administrative guidance is dispositive for considering a violation of the FCA. Nowhere in *Baylor* does the court acknowledge the viability of using an agency sub-regulatory interpretation as a means of prosecuting an FCA case for fraud, let alone establishing materiality. Furthermore, *Baylor* only addresses *Skidmore* deference within the context of direct agency regulation for interpretations of statutes they administer that do not carry the force of law, and then only in the context of CMS's sub-regulatory guidance on the definition of secondary roads (mountainous terrain has a much different regulatory/sub-regulatory history than secondary roads). *Baylor,* 850 F.3d at 261. Even if this Court were to consider this guidance, it offers no help to Relator in the context of finding materiality in an FCA case.

### b. Relator Cannot Use Sub-regulatory Guidance as A means of Prosecuting an FCA Claim Against Mountains.

Relator cannot use an administrative law case, *Baylor*, as the basis for enforcing interpretive sub-regulatory guidance, which is not subject to notice-and-comment, within an FCA context. The United States Supreme Court has long held that government agencies like the Department of Justice ("**DOJ**") cannot enforce interpretive guidance (in this case CMS operation manuals or the like) that are not subject to notice-and-comment rulemaking as required by the Administrative Procedures Act. *Christensen v. Harris County*, 529 US 576, 587-588 (2000). Yet another example of agency regulations going beyond statutory requirements was recently decided in *Cumberland Cty. Hosp. Sys., Inc. v. Price*, No. 5:15-CV-319-D, 2017 WL 1048102, at *12 (E.D.N.C. Mar. 1, 2017), *report and recommendation adopted,* No. 5:15-CV-319-D, 2017 WL 1049476 (E.D.N.C. Mar. 17, 2017).

In that case, the plaintiff health care provider prevailed over CMS' denial of certain inpatient rehabilitation claims because the Medicare Benefit Policy Manual (not subject to notice-and-comment rulemaking) contained pre-admission documentation requirements "well beyond" the documentation criteria in the actual regulations (as is the case regarding "mountainous terrain" in the issue-at-hand). *Id*.

The real issue before this Court is whether Relator has shown an intentionally or recklessly made false claim that is material to the government's obligation to pay. However, 42 C.F.R. § 485.610(c) merely provides a standard for CAH participation that only requires a showing of more than 15 miles of either mountainous terrain or secondary roads to a general acute hospital. The statute/regulation does not define mountainous terrain. Relator has already conceded that Mountains is located in an area of mountainous terrain[3] with secondary roads leading to another general acute hospital with 23.9 miles between the two points. (Doc. 26, ¶¶ 35 and 36). This is precisely the sort of "minor or insubstantial" noncompliance that *Escobar* sought to eradicate from FCA actions. *Id*., 136 S.Ct. at 2003. Accordingly, Relator's exclusive reliance upon agency sub-regulatory interpretation of this regulation to establish alleged FCA violations is unsupported and misplaced. Even the DOJ has acknowledged that it is a nonstarter to use the FCA to convert agency sub-regulatory guidance documents into binding rules to show noncompliance as a basis for proving a violation of applicable law. (Doc. 27-7). "Guidance documents cannot create binding requirements that do not already exist by statute or regulation." (Doc. 27-7, p. 2).

Relator is placing far too much emphasis on the sub-regulatory interpretation of 42 C.F.R. § 485.610(c)'s "mountainous terrain" requirement in attempting to support his allegations. In fact, Relator is wholly relying on sub-regulatory guidance that creates additional requirements never intended for FCA enforcement against Mountains. He has

---

[3] SR-18 is considered to be a mountain highway by CalTrans. http://www.dot.ca.gov/hq/roadinfo/mtnhwys.htm.

yet to cite one case that makes an alleged violation of 42 C.F.R. § 485.610(c) sub-regulatory guidance a viable FCA case. The simple answer to this question is that no case stands for this proposition.

### c. Continued Payment to Mountains, Despite the Government's Actual Knowledge, Equals Dismissal.

Relator seems to ignore his own pleadings that establish the government is on actual notice of alleged false claims being submitted for payment and allegedly paid by the government despite its actual knowledge. As previously argued in its Motion, Mountains has established that Relator previously disclosed the allegations underlying his lawsuit to the government before filing his first complaint (Doc. 26, ¶ 11). Furthermore, Relator alleges in each and every Count that Mountains either presented false claims, used false records, or received funds it was not entitled to for reimbursement in violation of the FCA from 2002 to the present. (Doc. 26, ¶¶ 52, 57, and 62). Relator filed his original complaint on January 3, 2017. (Doc. 5). Relator's allegations, if taken as true for the purpose of this Motion, clearly show that the government continues to pay Mountains for alleged false claims despite Relator's lawsuit.

In rebuttal, Relator argues that there must be actual knowledge on behalf of CMS. No case law in the 9th Circuit or elsewhere supports the theory that the United States Attorney General's Office/DOJ cannot be charged with actual notice under *Escobar*'s materiality standard. To the contrary, the Attorney General's office has a statutory duty to investigate and prosecute appropriate FCA cases. And, in investigating this case, the DOJ *actually consulted* with CMS. Ignoring this, though, if this Court were to accept Relator's argument, then the Attorney General's Office would be under no duty to inform applicable governmental agencies of suspected or alleged fraud. The very thing they are sworn to protect and required to investigate. This theory is contrary to common sense and would unduly and prejudicially cultivate increased damages against FCA defendants by merely turning a blind eye while churning potential treble damages.

Dated: April 16, 2018

/s/ Clinton Mikel
Clinton Mikel, Attorney for Defendant
San Bernardino Mountains Community
Hospital District

# PROOF OF SERVICE
## STATE OF MICHIGAN, COUNTY OF OAKLAND

At the time of service, I was over 18 and not a party to this action. I am employed in the County of Oakland, State of Michigan. My business address is 32000 Northwestern Highway, Suite 240, Farmington Hills, Michigan, 48334.

On April 16, 2018, I served true copies of the foregoing document(s) described as **Defendant San Bernardino Mountains Community Hospital District's Memorandum in Reply to Relator's Opposition to Motion to Dismiss the Second Amended Complaint**

on the interested parties:

Esperanza Cervantes Anderson (SBN 197953)
LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
1037 North Allen Avenue, Pasadena, California 91104
esperanza@andersonlitigation.com
Attorney for Plaintiff Relator
FRANK ADOMITIS

Kent A. Kawakami (SBN 149803)
Assistant U.S. Attorney
Room 7516, Federal Building, 300 North Los Angeles Street, Los Angeles, CA 90012
kent.kawakami@usdoj.gov
Attorney for Plaintiff United States of America

**CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

1   I declare under penalty of perjury under the laws of the United States of America
2   that the foregoing is true and correct and that I am employed in the office of a member of
3   the Bar of this Court at whose direction the service was made.
4   Executed on April 16, 2018, at Farmington Hills, Michigan.

/s/Marianna M. McIntyre

4812-8536-4065, v. 7