Clinton Mikel (SBN 251319)
cmikel@thehlp.com
The Health Law Partners, P.C.
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
P: (248) 996-8510; F: (248) 996-8525
Attorneys for Defendant
San Bernardino Mountains Community Hospital District

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| United States of America, *ex rel.*, Frank Adomitis, <br><br> Plaintiff, <br><br> vs. <br><br> San Bernardino Mountains Community Hospital District; <br> Does 1 through 20, inclusive; <br><br> Defendants. | Case No.: 5:17-cv-00002-JGB-KK <br> (Hon. Jesus G. Bernal) <br><br> **Defendants' Response to Relator's Opposition to Defendant's Certain Requests for Judicial Notice in Support of Its Motion to Dismiss Plaintiff's Second Amended Complaint** <br><br> *Date*: April 30, 2018 <br> *Time*: 9:00 AM <br> *Courtroom*: 1 |

## I.  INTRODUCTION

On February 20, 2018 (Docket Entry No. 26) Relator, Frank Adomitis, filed a Second Amended Complaint alleging various claims against Defendant San Bernardino Mountains Community Hospital District ("**Mountains**") under the False Claims Act, 31 U.S.C. §§ 3729 *et seq*. Mountains filed a Motion to Dismiss the Complaint on March 13,

2018, with Exhibits 1-7 attached to its Motion. (Doc. 27). Relator subsequently filed objections to these exhibits with a request for hearing. (Doc. 30). In relevant part, Relator alleges that Mountains' Exhibits are not authentic, irrelevant, and are based upon not generally known facts. This Court has already provided a previous ruling determining that Exhibits 1-3 are proper subjects of judicial notice. (Doc. 23, p. 2, Note 1). For these reasons and others mentioned below, Relator's objections to Mountains Exhibits 1-7 should be overruled and Mountains should be allowed to judicially notice Exhibits 1-7 which are attached to its Motion.

## II. DOCUMENTS TO BE JUDICIALLY NOTICED

Mountains has requested this Court take judicial notice of EXHIBITS 1, 2, 3, 4, 5, 6, and 7 under Fed. R. Evid. 201(b). (Doc. 27, pgs. 6-7).

These exhibits consist of:

EXHIBIT 1: April 19, 2013, CMS Guidance, Clarification of the Critical Access Mountains ("**CAH**") Criteria for Rural Location and Mountainous Terrain Distance Standard;[1]

EXHIBIT 2: August 2013, OIG Report, Most Critical Access Hospitals Would Not Meet the Location Requirements If Required to Re-Enroll in Medicare;[2]

EXHIBIT 3: February 12, 2016, CMS Policy, CAH Recertification Checklist for Evaluation of Compliance with the Location and Distance Requirements;[3]

EXHIBIT 4: Current CMS Provider Information Forms for 4 California Hospitals;[4]

---

[1] https://www.cms.gov/Medicare/Provider-Enrollment-and-Certification/SurveyCertificationGenInfo/Downloads/Survey-and-Cert-Letter-13-26.pdf.

[2] https://oig.hhs.gov/oei/reports/oei-05-12-00080.pdf.

[3] https://www.cms.gov/Medicare/Provider-Enrollment-and-Certification/SurveyCertificationGenInfo/Downloads/Survey-and-Cert-Letter-16-08.pdf.

[4] https://npiregistry.cms.hhs.gov/registry/provider-view/1922415538; https://npiregistry.cms.hhs.gov/registry/provider-view/1356339543; https://npiregistry.cms.hhs.gov/registry/provider-view/1194824573; and https://npiregistry.cms.hhs.gov/registry/provider-view/1043292303.

EXHIBIT 5: Excerpt from CMS State Operations Manual Chapter 2 - The Certification Process;[5]

EXHIBIT 6: January 25, 2018, US Associate Attorney General memo, titled "Limiting Use of Agency Guidance Documents in Affirmative Civil Enforcement Cases";[6] and

EXHIBIT 7: Other Known Clone Lawsuits filed by Relator; all are available at CMS's or the DOJ's websites or on PACER/Westlaw.

### III. LEGAL STANDARD

Pursuant to Fed. R. Evid. 201(b) "a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Under Rule 201, the substance of records and reports of administrative bodies are proper subjects for judicial notice. *Interstate Natural Gas Co. v. S. Cal. Gas Co.,* 209 F.2d 380, 385 (9th Cir.1953). A court may also take judicial notice of the contents of public records. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir.2001). *See also Jimenez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, 246 (C.D. Cal. 2006) (Contents of Division of Labor Standards Enforcement (DLSE) opinion letter were not subject to reasonable dispute, and thus, district court could take judicial notice of contents of opinion letter).

Pursuant to Fed. R. Civ. P. 902(5), official publications are self-authenticating. Official publications can be books, pamphlets, or other publications "purporting to be issued by a public authority." Fed. R. Civ. P. 902(5). "Exhibits which consist of records from government websites, such as the FCC website, are self-authenticating." *Hispanic Broadcasting Corp. v. Educational Media Foundation* 2003 WL 22867633, *5 (C.D.Cal., 2003). *See also, e.g., Estate of Gonzales v. Hickman,* No. ED CV 05-660 MMM (RCx),

---

[5] https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/Downloads/som107c02.pdf.

[6] https://www.justice.gov/file/1028756/download.

2007 WL 3237727, *2 n. 3 (C.D.Cal. May 30, 2007) (unreported) (report issued by the Inspector General of the State of California on the Office of the Inspector General's website is self-authenticating); *Lorraine v. Markel Am. Ins. Co.,* 241 F.R.D. 534, 551 (D.Md.2007) ("Given the frequency with which official publications from government agencies are relevant to litigation and the increasing tendency for such agencies to have their own websites, Rule 902(5) provides a very useful method for authenticating these publications. When combined with the public records exception to the hearsay rule, Rule 803(8), these official publications posted on government agency websites should be admitted into evidence easily").

When deciding a Rule 12(b)(6) motion, the court looks to the face of the complaint and documents attached to the complaint. *Van Buskirk v. Cable News Network, Inc.,* 284 F.3d 977, 980 (9th Cir.2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1989). Normally, a court must convert a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment if it "considers evidence outside the pleadings.... A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion...." *United States v. Ritchie,* 342 F.3d 903, 907–08 (9th Cir.2003). See *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) (a court may also consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

## IV. ARGUMENT

### A. The Court's Previous Ruling Supports Mountains' Current Request for Judicial Notice

The Court has already made a ruling determining that judicial notice is appropriate for the following: (1) the Centers for Medicaid and Medicare Services' (CMS) April 2013 guidance on Critical Access Mountains Criteria, (2) an August 2013 Office of Inspector

General report on Critical Access Hospitals, and (3) the CMS February 2018 recertification checklist for CAHs. (Doc. 23, p. 2, Note 1). In its reasoning, the Court stated that "adjudicative facts not subject to 'reasonable dispute,' either because it is 'generally known within the territorial jurisdiction of the trial court,' or it is capable of accurate and ready determination by resort to sources whose 'accuracy cannot reasonably be questioned.'" (Doc. 23, p. 2, Note 1) *citing* Fed. R. Evid. 201. Furthermore, the Court found that these Exhibits are proper subjects of judicial notice because they are government agency documents in the public record whose accuracy "cannot reasonably be questioned." (Doc. 23, p. 2, Note 1) *citing Paralyzed Veterans of America v. McPherson*, 2008 WL 4183981, at *6 (N.D. Cal. Sep. 9, 2008) (taking judicial notice of documents on the California Secretary of State's website); *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) (citation omitted) ("Public records and government documents are generally considered not to be subject to reasonable dispute . . . . This includes public records and government documents available from reliable sources on the Internet.").

Relator contends that there was a failure to authenticate. However, he fails to cite any applicable authority for any such proposition. In support, he cites to *CYBERsitter, LLC v. People's Republic of China*, 805 F. Supp. 2d 958, 963 (C.D. Cal. 2011). However, this case does not stand for the proposition that public agency documents in the public record whose accuracy cannot be reasonably challenged are subject to any specific authenticity requirement. To the contrary, *CYBERsitter* found issue with the submission of "statements or images appearing on undated, unverified websites" without more to be inadequate to establish judicial notice. *CYBERsitter, LLC*, 805 F. Supp. 2d at 963. The documents sought for judicial notice by this court are documents found on legitimate government websites, not random nongovernmental websites whose material are subject to questionable accuracy.

    **B.    It is Proper to Take Judicial Notice of Documents from Government Websites and Court Documents**

Judicial notice of documents from government websites have long been accepted by courts in the 9th Circuit. *See U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017)(Taking judicial notice of documents on websites of Food and Drug Administration, Centers for Medicare and Medicaid Services, and Securities and Exchange Commission); *see also Hansen Beverage Co. v. Innovation Ventures, LLC,* No. 08–CV–1166–IEG, 2009 WL 6597891, *1 (S.D.Cal. Dec. 23, 2009) and *Daniels–Hall v. National Education Association,* 629 F.3d 992, 999 (9th Cir.2010) (court took judicial notice of information on the websites of school districts because they were government entities). More importantly, Defendant's Exhibits 1-7 are relevant and probative to Plaintiff's allegations that Mountains did not meet the distance requirements as required by 42 C.F.R. § 485.610(c) and interpreted (by Relator) through sub-regulatory guidance. Accordingly, Plaintiff's claims that Defendant's Exhibits 1-7 have not been adequately authenticated hold no merit.

    Next, Relator argues that Exhibit 4, Current CMS Provider Information Forms for 4 California Hospitals is irrelevant to any claim or defense in Mountains' Motion to Dismiss. To the contrary, these forms illustrate the point that Relator cannot show that his claims against Mountains are material to the government's decision to pay. As argued in Mountains' brief, Relator has failed to plead any facts establishing: 1) a "mine run" of cases where the government is denying claims to existing CAHs based on the distance requirements; or 2) a situation in which the government has not paid a claim in full despite actual knowledge of an alleged distance requirement violation. *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2003 (2016). Furthermore, Exhibit 4 supports Mountains' argument that where CMS or the government knows that the distance requirements were violated, and continues to regularly pay claims, this is strong evidence that the distance requirements are not material. *Escobar*, 136 S. Ct. at 2003-04. Exhibit 4 is used to convey the argument that Relator does not have any examples of Medicare, CMS, or any other governmental regulatory entity denying claims

of an existing CAH because of a failure to adhere with Relator's interpretation of 42 C.F.R. § 485.610(c). Accordingly, he has not sufficiently pled his case in accordance with the rigorous materiality and scienter standards as established by *Escobar*. *Id*. at 1995-96.

### C. Mountains' Exhibit 4 is not Subject to the Hearsay Rule

Fed. R. Evid. 801(c) prohibits out-of-court statements offered for the truth of the matter asserted. However, Fed. R. Evid. 902(5) and 201(c) specifically allow Mountains' Exhibits 4 to be judicially noticed. Moreover, Fed. R. Evid. 803(8) clearly includes public records as an exception to the hearsay rule. Relator has not shown a lack of trustworthiness for Mountains' Exhibit 4 which further supports judicial notice by this Court.

Regardless, Relator appears to have misinterpreted the use of the documents used in Exhibit 4. These forms are not being offered for the truth of the matter asserted by Relator: that any of these hospitals have "no similar disputes pending, past audits . . . without any issue, or CAH status squeaky clean," rather, these forms are being offered to show that other CAHs similarly situated to Mountains have continued to operate under their CAH status as recognized by the government, even after the 2013 OIG Report found that those other hospitals did not meet the distance requirements. Moreover, the forms in Exhibit 4 provide general background information about local hospital CAH status to the general public and come from the government's website which cannot be reasonably questioned.

### D. Mountains' Exhibit 7 is a Proper Candidate for Judicial Notice

Furthermore, although not raised in particular by Relator, court orders and filings in other FCA cases have also been found to be proper subjects of judicial notice. See *Reyn's Pasta Bella, LLC v. Visa USA, Inc*. 442 F.3d 741, 746 n. 6 (9th Cir.2006) (taking judicial notice of pleadings, memoranda, and other court filings); *Asdar Group v. Pillsbury, Madison & Sutro,* 99 F.3d 289, 290 n. 1 (9th Cir.1996) (court may take judicial notice of pleadings and court orders in related proceedings); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir.1992)(a court may take judicial

notice "of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). Accordingly, Exhibit 7 is properly the subject of judicial notice because it shows that the only evidence of statutory or regulatory materiality is Relator's own self-serving lawsuits/assertions that offer no support in defending against Mountains' Motion to Dismiss.

### E. Mountains' Exhibit 6, the "Brand Memo" is Appropriate for Judicial Notice

Lastly, Relator mistakenly argues that Mountains' Exhibit 6 should not be judicially noticed because it is not relevant under Fed. R. Evid. 401. This contention by Relator is wholly unsupported and ignores the fact that Relator's entire case against Mountains relies on his unfounded interpretation of 42 C.F.R. § 485.610(c) through sub-regulatory guidance. For instance, Relator alleges that "CMS' State Operations Manual (Chapter 2, 'Certification Process' Rev. 154, 6-10-16, p. 259)" defines secondary roads and mountainous terrain. (Doc. 26, ¶ 36(a)). In addition, he uses sub-regulatory guidance, a report published by CMS in April 2013 and the 2013 OIG Report to support his allegations in interpreting Mountains' required distance requirements. (Doc. 26, ¶ 19, note 4). However, Relator brazenly contends that Mountains' is not allowed to judicially notice any of these governmental agency documents or other documents from legitimate government sources available to the public. As previously briefed above, none of Relator's objections to Mountains' requests for judicial notice hold water. Moreover, Exhibit 6, "the Brand Memo," is a proper subject for judicial notice because it specifically identifies the government's position on the use of sub-regulatory guidance as a means of prosecution.

Relator would have this Court believe that the "Brand Memo" is irrelevant because it has "no legal effect on Relator's pending claim." (Doc. 30, p. 6). However, this contention is fatally flawed because Relator's entire case is based upon his interpretation of sub-regulatory guidance distance requirements in 42 C.F.R. § 485.610(c). Relator steps into the shoes of the DOJ because the government declined to intervene. A relevant review of 42 C.F.R. § 485.610(c) shows that hospitals attempting to obtain CAH certification

requirements must be located more than a 15-mile drive from a hospital or another CAH in areas of mountainous terrain or areas where only secondary roads are available. Relator, on the other hand is attempting to use sub-regulatory guidance to establish a violation of the statute, by adding non-regulatory conditions to the regulatory definition of mountainous terrain (there is none), which is expressly prohibited by the "Brand Memo."

The "Brand Memo" expressly forbade the practice of using sub-regulatory guidance to convert agency guidance documents into binding rules to show noncompliance as a basis for proving a violation of applicable law, in this case, 42 C.F.R. § 485.610(c). (Doc. 27-7). Even more damning, the "Brand Memo" expressly states "Guidance documents cannot create binding requirements that do not already exist by statute or regulation." (Doc. 27-7, p. 2). As a result, Relator cannot rely upon the definition of *mountainous terrain* and secondary roads as utilized by the 2013 OIG report or any other agency guidance documents to prove a violation of 42 C.F.R. § 485.610(c). This fact is fatal to Relator's claims against Mountains. In conclusion, Mountains Exhibit 6 is not only relevant, it is dispositive to Relator's claims against Mountains.

### F. A Note Regarding Relator's Unusual Filing

Mountains desires this Court to take notice of Relator's unusual opposition filing by not including it in its memorandum of points and authorities brief. Furthermore, Relator's desire of a separate hearing on this matter can only be interpreted as a motion. As such, Relator appears to be attempting to circumvent the very rules it accuses Mountains of violating. In this case, Relator did not meet and confer with Mountains as it relates to the substance of Relator's opposition to Mountains' Exhibits and appears to be using **his** Opposition to Mountains' Requests for Judicial Notice in violation of L.R. 7-3 and 11-6.

### V. CONCLUSION

For the reasons set forth in Defendants' Response to Relator's Opposition to Defendant's Certain Requests for Judicial Notice in Support of Its Motion to Dismiss Plaintiff's Second Amended Complaint, this Court should grant Mountains Request for Judicial Notice as to each of the seven Exhibits described herein.

**Respectfully submitted,**
Dated: April 16, 2018

**THE HEALTH LAW PARTNERS, P.C.**
By:/s/ Clinton Mikel
Clinton Mikel, Attorney for Defendant
San Bernardino Mountains Community
Hospital District

# PROOF OF SERVICE
## STATE OF MICHIGAN, COUNTY OF OAKLAND

At the time of service, I was over 18 and not a party to this action. I am employed in the County of Oakland, State of Michigan. My business address is 32000 Northwestern Highway, Suite 240, Farmington Hills, Michigan, 48334.

On April 16, 2018, I served true copies of the foregoing document(s) described as **Defendants' Response to Relator's Opposition to Defendant's Certain Requests for Judicial Notice in Support of Its Motion to Dismiss Plaintiff's Second Amended Complaint** on the interested parties:

Esperanza Cervantes Anderson (SBN 197953)
LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
1037 North Allen Avenue, Pasadena, California 91104
esperanza@andersonlitigation.com
Attorney for Plaintiff Relator
FRANK ADOMITIS

Kent A. Kawakami (SBN 149803)
Assistant U.S. Attorney
Room 7516, Federal Building, 300 North Los Angeles Street, Los Angeles, CA 90012
kent.kawakami@usdoj.gov
Attorney for Plaintiff United States of America

**CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on April 16, 2018, at Farmington Hills, Michigan.

/s/Marianna M. McIntyre

4822-2146-0577, v. 3