# EXHIBIT A

MCH - 000001

## GEOFFREY H. HOPPER & ASSOCIATES, INC.

ATTORNEYS AT LAW
645 BROOKSIDE AVENUE
P.O. BOX 7159
REDLANDS, CALIFORNIA 92373
(909) 798-9800
Fax (909) 798-9002
www.hopperlaw.com

January 9, 2009

Reply to:
Geoffrey H. Hopper

**SENT VIA E-MAIL franksc@linkline.com**
**PERSONAL AND CONFIDENTIAL**
Mr. Frank Adomitis

Re: Mountains Community Hospital/Misc. File
Our File No.: 06A037

Dear Mr. Adomitis:

Attached for your files and records, please find a copy of the original letter that Mr. Harrison has prepared for you dated December 15, 2008, along with a fully executed copy of the settlement and release agreement.

Thank you for your consideration in this regard.

Very truly yours,

Geoffrey H. Hopper of
GEOFFREY H. HOPPER & ASSOCIATES, INC.

GHH:mmd
Enclosure

cc: Mr. Charles Harrison (w/enclosure)



**MOUNTAINS COMMUNITY HOSPITAL**

*The Heart of Mountain Healthcare*

December 15, 2008

To Whom It May Concern:

The purpose of this letter is to verify that Frank Adomitis served as the Chief Financial Officer at Mountains Community Hospital from July 1, 2007 until November 24, 2008, the date of his resignation.

During Frank's tenure, he supervised the installation of a new information system, reorganized the admitting process and supervised a large scale accounts receivable collection project.

Frank is a very intelligent person; he has an outgoing personality and an excellent understanding of accounting.

Sincerely,

*[signature]*

Charles H. Harrison
Chief Executive Officer

## MOUNTAINS COMMUNITY HOSPITAL

### CONFIDENTIAL SEVERANCE AND RELEASE AGREEMENT

MOUNTAINS COMMUNITY HOSPITAL (hereinafter referred to as "EMPLOYER") and FRANK ADOMITIS (hereinafter referred to as "EMPLOYEE") agree to the following terms and conditions:

1. **RELEASE.** In exchange for the terms and conditions set forth herein, EMPLOYEE agrees to, and by signing this document, does waive and release all claims known and unknown, which he might otherwise have had against EMPLOYER, its related entities, officers, directors, employers, agents, representatives, successors, assigns, attorneys, insurance carriers, workers' compensation carriers, and all other agents and representatives of any kind, regarding any aspect of his employment or the termination thereof. EMPLOYER agrees that it will not be contesting EMPLOYEE'S claim for unemployment benefits to commence on or after November 25, 2008, as long as any representation by EMPLOYEE to unemployment is in accordance with the terms and conditions of this AGREEMENT and no false representations are made by EMPLOYEE in that regard.

2. **CONSIDERATION.** EMPLOYER shall pay to EMPLOYEE, the equivalent of two (2) weeks of EMPLOYEE'S normal pay for which EMPLOYEE shall receive a W-4 statement. Said payment shall be made in accordance with the terms of this AGREEMENT. The parties further agree that they both acknowledge that the cessation of this employment relationship is done on an amicable basis, and that EMPLOYEE was deemed to have resigned his employment on November 24, 2008.

3. **VOLUNTARY AGREEMENT.** EMPLOYEE understands and agrees that he is signing this AGREEMENT voluntarily and that no promises, representations, coercion, or inducements have been made to him which caused him to sign this AGREEMENT other than those which are expressly set forth herein.

4. **CONFIDENTIALITY.** EMPLOYEE will, to the extent permitted under law, maintain this AGREEMENT and the terms herein as well as the negotiations preceding this AGREEMENT in confidentiality. If EMPLOYEE is asked anything whatsoever about any of the terms or negotiations of this matter, the only response he shall provide is: "The matter has been resolved."

5. **WAIVER OF RIGHT OF REEMPLOYMENT.** EMPLOYEE hereby agrees that he will not apply for, in any manner, or further seek employment with EMPLOYER. EMPLOYEE acknowledges that should he at some later date attempt to secure employment with EMPLOYER, that his application may be summarily denied, and that no cause of action in law or equity will lie against EMPLOYER in State or Federal Court or before any administrative agency, or in any other forum arising from EMPLOYER'S refusal to hire EMPLOYEE. EMPLOYEE agrees and understands that his waiver of

1



MCH - 000004

Dec-30-08 03:54P                                                                P.03
12/17/2008  09:49  9094251650          MAIL BOXES ETC 1703              PAGE 03/04

any rights to employment is in part consideration for the release amounts set forth herein and therefore agrees that he shall be prohibited from seeking or obtaining employment with EMPLOYER herein.

6. **JOINT PREPARATION OF AGREEMENT.** Each party has cooperated in the drafting and preparation of this AGREEMENT. Hence, in any construction to be made of this AGREEMENT, the same shall not be construed against any party on the basis that said party was the drafter of said AGREEMENT.

7. **WAIVER OF CIVIL CODE §1542.** EMPLOYEE understands and agrees that this Release extends to all claims of every nature, known or unknown, suspected or unsuspected, past, present or future, attributed to any action or omission to act arising out of the employment relationship and/or its termination. In agreeing to this, EMPLOYEE understands and agrees that EMPLOYEE is waiving the provisions of California Civil Code §1542, which reads as follows:

> "A general release does not extend the claims in which the creditor does not know or suspects to exist in his favor at the time of executing the release, which, if known to him, would have materially, affected his settlement with the debtor".

8. **AGREEMENT NOT AN ADMISSION.** EMPLOYEE furthermore agrees and acknowledges that this AGREEMENT is not to be construed as an admission on the part of any party hereto of any wrongdoing and further that this AGREEMENT sets forth all terms and conditions entered into between the parties. If for any reason any of the terms and conditions of this AGREEMENT is deemed to be unlawful, the remaining portions are hereby deemed to be severed from those provisions and fully enforceable.

9. **EXECUTION OF AGREEMENT.** This AGREEMENT may be executed by the signatures of each of the parties hereto, or their authorized representatives, on multiple copies of this AGREEMENT, including copies transmitted by facsimile machines, and upon being so executed by all parties hereto, shall be effective as if all signatures appeared on the original of this AGREEMENT.

10. **ADEA RELEASE AND TIME TO SIGN AND REVOKE AGREEMENT.** EMPLOYEE represents that he is over the age of (40). Further, EMPLOYEE acknowledges his waiver and release of any rights he may have under the Age Discrimination Employment Act is knowing and voluntary and that the consideration given for this waiver and release in this AGREEMENT is an addition to anything of value to which EMPLOYEE is already entitled. EMPLOYEE further acknowledges the he has been advised by this writing as required by the Older Worker's Benefit Act, that (a) waiver and release of rights in causes of action in this AGREEMENT do not apply to the claims that may arise after this AGREEMENT is executed (except as set forth in paragraph 3 of this AGREEMENT); (b) he has at least twenty-one (21) calendar days from the date he first receives this AGREEMENT to obtain the advice of counsel from the legal representative of his choice and to decide whether to sign it (although he may

MCH - 000005

by his own choice to execute this AGREEMENT earlier); (d) EMPLOYEE understands that for seven (7) calendar days after he signs this AGREEMENT he has the right to revoke it, and (e) the AGREEMENT shall not become effective and enforceable until the date upon which the revocation period has expired, which shall be the eighth (8th) day after the AGREEMENT is executed by the EMPLOYEE.

11. CONSULTING. EMPLOYER may wish to engage the services of EMPLOYEE as a consultant. In such instance, EMPLOYER and EMPLOYEE would enter into a consulting agreement which shall be separate and apart from this AGREEMENT, to determine the terms and conditions of the consulting agreement.

12. INQUIRIES. "EMPLOYER confirms that any and all inquires directed to EMPLOYER'S human resources regarding EMPLOYEE that are made by other potential employers of EMPLOYEE will be responded to by human resources by confirming the hiring date and termination date of EMPLOYEE, as well as EMPLOYEE'S compensation at the time of cessation of employment and title. For all other inquiries absent an agreement or release to the contrary signed by EMPLOYEE or otherwise required by law, EMPLOYER will not disclose any additional information."

13. LETTER OF CONFIRMATION OF EMPLOYMENT. EMPLOYER further agrees to provide the attached letter attached as Exhibit A, to this AGREEMENT to EMPLOYEE as part of the consideration for entering into this AGREEMENT.

In addition, employee agrees to provide consulting information to employer for the time period of the severance on an as needed basis.

<u>EMPLOYEE UNDERSTANDS AND AGREES THAT HE WILL BE ENTITLED TO THE CONSIDERATION PROVIDED BY THIS AGREEMENT ONLY IF HE SIGNS AND RETURNS THE STATEMENT OF NON-REVOCATION, CONFIRMING THAT HE DOES NOT REVOKE THIS AGREEMENT.</u>

In witness whereof, this AGREEMENT is executed by the parties hereto on the date hereinafter indicated.

DATED: 12/17/2008

FRANK ADOMITIS

DATED: 12/30/2008

CHARLES HARRISON
Authorized Representative of
MOUNTAINS COMMUNITY HOSPITAL

3

MCH - 000006

## ADDENDUM TO MOUNTAINS COMMUNITY HOSPITAL

## CONFIDENTIAL RELEASE AGREEMENT

### STATEMENT OF NON-REVOCATION AS OF THE DATE SHOWN ON THIS FORM

BY SIGNING BELOW, I HEREBY VERIFY THAT I HAVE CHOSEN NOT TO REVOKE MY AGREEMENT TO AN EXECUTION OF THE CONFIDENTIAL RELEASE AGREEMENT. MY SIGNATURE CONFIRMS MY RENEWED AGREEMENT TO THE TERMS OF THAT AGREEMENT INCLUDING THE RELEASE AND WAIVER OF ANY AND ALL CLAIMS RELATING TO, ARISING OUT OF, OR AS A RESULT OF MY EMPLOYMENT WITH MOUNTAINS COMMUNITY HOSPITAL AND/OR THE TERMINATION OF THAT EMPLOYMENT.

12/28/2008
Date**

FRANK ADOMITIS
EMPLOYEE

**Do not sign, date, or return this document until eight (8) days after you have signed the Confidential Release Agreement. You may return the Confidential Release Agreement along with this document in one mailing however they cannot be signed on the same day. As noted in paragraph 10 of the Confidential Release Agreement, the Agreement will not become effective until after this document is signed and returned to MOUNTAINS COMMUNITY HOSPITAL.

*Original Agreement Faxed on 12/17/2008*

4

MCH - 000007