1
2
3
4
5
6
7
8

Clinton Mikel (SBN 251319)
cmikel@thehlp.com
The Health Law Partners, P.C.
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
P: (248) 996-8510; F: (248) 996-8525
Attorneys for Defendant
San Bernardino Mountains Community Hospital District

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION – RIVERSIDE

| United States of America, *ex rel.*, Frank Adomitis,<br><br>Plaintiff,<br><br>vs.<br><br>San Bernardino Mountains Community Hospital District; Does 1 through 20, inclusive;<br><br>Defendants. | Case No.: 5:17-cv-00002-JGB-KK<br>(Hon. Jesus G. Bernal)<br><br>**Defendant's Opposition in Response to Relator's Objections to Evidence in Support of Defendant's Motion for Fees and Expenses**<br><br>*Date:* November 19, 2018<br>*Time:* 9:00 AM<br>*Courtroom:* 1 |
| --- | --- |

San Bernardino Mountains Community Hospital District ("**Mountains**") makes its opposition to Relator's Objections to Evidence in Support of Defendant's Motion for Fees and Expenses herein as follows:

## MOUNTAINS' EVIDENCE TO SUPPORT AN AWARD OF ATTORNEYS' FEES AND EXPENSES SHOULD BE CONSIDERED BY THIS COURT

Relator's Opposition Response (Doc. 55) incorporates Objections to Evidence (Doc. 55-3). This appears to be an attempt to extend the briefing limits set out in L.R. 11-6.

In that objection Relator makes several blanket objections to the Declaration of Charles Harrison and Clinton Mikel: Hearsay (Fed. R. Evid. 802); Lacks foundation (Fed. R. Evid. 901); Relevance (Fed. R. Evid. 402); Undue Prejudice (Fed. R. Evid. 403);[1] all made with no articulated basis for each objection other than citing the Federal Rules of Evidence.

As it pertains to Relator's objections based upon foundation (Fed. R. Evid. 901), there is no proper basis for this objection. The declaration of Charles Harrison clearly establishes the foundation of his knowledge concerning Mountains and Relator. (Doc. 49, pgs. 1-17). As the CEO for Mountains, Mr. Harrison has personal knowledge of various situations that occurred between Relator and Mountains. (Doc. 49, ¶ 4). Indeed, Mr. Harrison's signature is affixed to the Severance and Release Agreement at Exhibit A to his Declaration. (Doc 49-1, p. 6). Mr. Harrison also has personal knowledge as to several correspondences that were sent and received between Relator and other Mountain's representatives, or others who forwarded the same correspondences to Mountains. (Doc. 48-2), (Doc. 49-3), (Doc. 49-5), (Doc. 49-9), (Doc. 49-11), (Doc. 49-12), (Doc. 49-14), (Doc. 49-15), (Doc 49-16), (Doc 49-17), (Doc 49-18), and (Doc 49-19). As a result, the

---

[1] Although Relator's counsel claims undue prejudice under Fed. R. Evid. 403, she fails to articulate how her client is unduly prejudiced.

HLP The Health Law Partners, P.C.

documents supporting Mr. Harrison's affidavit are admissible and should be considered by this Court. Moreover, all of the documents in Mr. Harrison's affidavit are business records pursuant to Fed R. Evid. 803(6)[2], and are public records of a state agency (Fed. R. Evid. 901(b)(7)).

Next, Relator lays blanket qualms against paragraphs 8-10, 18, 22, and 45, and claims: Hearsay (Fed. R. Evid. 802); Lacks foundation (Fed. R. Evid. 901); and Lacks personal knowledge (Fed. R. Evid. 602). All of these statements are the opinions of Mr. Harrison that are supported by his recollection of the facts and evidence in support of his declaration. Moreover, they represent his lay opinion that is supported by his own personal knowledge.

It appears that Relator is simply providing blanket boiler plate objections to nearly every statement made by Mr. Harrison in his declaration. To highlight one example, Relator contends that Mr. Harrison's statement, "Mr. Adomitis screamed at me that I, and 'that cunt girlfriend of yours, Yvonne,' had ruined his career at Mountains," is hearsay (among other objections). (Doc. 55-3, p. 6). Clearly, statements like this and others are opposing party statements and statements against a party's interest, which were stated as a present sense impression, excited utterance, and description of a then-existing mental, emotional, or physical condition. Fed. R. Evid. Rule 801(d)(2), 803(1 – 3), and 804(b)(3). In the alternative, where applicable, many of the statements made by Mr. Harrison are not shown for the truth of the matter asserted, but rather to show Mr. Harrison's knowledge about certain events and transactions that led to his opinion that he felt harassed and in fear of his safety.

All other objections made by Relator in relation to the remaining paragraphs at issue clearly speak to the personal experiences of Mr. Harrison and the events he observed. In the alternative, the statements offered by Mr. Harrison are not for the truth of the matter

---

[2] If desired, Mountains can provide an authenticating attestation for these records upon the Court's request.

Defendant San Bernardino Mountains Community Hospital District's Opposition in Response to Relator's Objections to Evidence in Support of Defendant's Motion for Fees and Expenses
Case No.: 5:17-cv-00002-JGB-KK

asserted, rather, they are being offered to show that Mountains experienced prolonged harassment and persistent conflict with Relator, thus proving the vexatious and harassing nature of his lawsuits against Mountains in the court of common pleas and current lawsuit with this Court.

Relator's further contentions with the undersigned's Declaration only highlight his previous nonsensical objections. (Doc. 55-3 p. 7). It strains credulity, at best, as to how a partner of a law firm would not know the staff and other attorneys working for him on his own case. In direct contradiction, Relator's own statements such as:

"I did notice that there was a culture of 'don't ask/don't tell' or in other words burying one's head in the sand to avoid confirming or acknowledging questionable business practices." (Doc 55-1, ¶ 2); and

"with an eye towards maximizing profit even if certain rules and regulations were violated[]" (Doc. 55-1, ¶ 5)

are clearly lacking foundational support and are speculative and conclusory.

Relator studiedly fails to mention the *Millner v. ITT Aerospace/Commc'ns Div. of ITT Corp.*, 124 F.3d 204, 6 (7th Cir. 1997), case, briefed in Dkt. 48, p. 13-14. Relator has a case that is worse than Millner, where the defendant was awarded attorney fees. Undoubtedly, Relator is struggling to suppress evidence he knows will show directly his vexatious and harassing litigation towards Mountains.

This Court should consider both the Declarations of Clinton Mikel and Charlie Harrison and award Mountains reasonable attorneys' fees and expenses.


Dated: November 5, 2018

/s/ Clinton Mikel
Clinton Mikel, Attorney for Defendant
San Bernardino Mountains Community
Hospital District

Defendant San Bernardino Mountains Community Hospital District's Opposition in Response to Relator's Objections to Evidence in Support of Defendant's Motion for Fees and Expenses
Case No.: 5:17-cv-00002-JGB-KK

## PROOF OF SERVICE
## STATE OF MICHIGAN, COUNTY OF OAKLAND

At the time of service, I was over 18 and not a party to this action. I am employed in the County of Oakland, State of Michigan. My business address is 32000 Northwestern Highway, Suite 240, Farmington Hills, Michigan, 48334.

On November 5, 2018, I served true copies of the foregoing document(s) described as **Defendant's Opposition in Response to Relator's Objections to Evidence in Support of Defendant's Motion for Fees and Expenses** on the interested parties:

Esperanza Cervantes Anderson (SBN 197953)
LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
1037 North Allen Avenue, Pasadena, California 91104
esperanza@andersonlitigation.com
Attorney for Plaintiff Relator
FRANK ADOMITIS

Kent A. Kawakami (SBN 149803)
Assistant U.S. Attorney
Room 7516, Federal Building, 300 North Los Angeles Street, Los Angeles, CA 90012
kent.kawakami@usdoj.gov
Attorney for Plaintiff United States of America

**CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

1   Executed on November 5, 2018, at Farmington Hills, Michigan.

2

3   /s/Kalee Houle

4

5   4852-3996-0442, v. 2

Defendant San Bernardino Mountains Community Hospital District's Memorandum in Reply to Relator's Opposition to Motion to Dismiss the Third Amended Complaint
Case No.: 5:17-cv-00002-JGB-KK