UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 17-2 JGB (KKx)** | Date | August 17, 2020 |
|---|---|---|---|
| Title | ***United States, et al. v. San Bernardino Mountains Community Hospital District, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) DENYING Defendant's Motion for Attorney Fees (Dkt. No. 48); and (2) VACATING the August 24, 2020 Hearing (IN CHAMBERS)**

Before the Court is Defendant San Bernardino Mountains Community Hospital District's ("Mountains") motion for attorney fees. ("Motion," Dkt. No. 48.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court DENIES the Motion and VACATES the August 24, 2020 hearing.

## I.   BACKGROUND

On January 3, 2017, Relator[1] Frank Adomitis commenced this action on behalf of the United States against Mountains. ("Complaint," Dkt. No. 1.) The United States filed its notice, declining to intervene on May 10, 2017. (Dkt. No. 6.) After Defendant moved to dismiss, Relator filed his First Amended Complaint on November 13, 2017. ("FAC," Dkt. No. 17.) The FAC asserted three causes of action: (1) presentation of false claims under the False Claims Act ("FCA"), 31 U.S.C. § 3729(a)(1)(A); (2) using false statements or records to receive false

---

[1] The False Claims Act permits private individuals, referred to as "relators," to bring suit on the Government's behalf against entities that have violated the Act's prohibitions. 31 U.S.C. § 3730 (b)(1).

payments under the FCA, 31 U.S.C. § 3729(a)(1)(B); and (3) failing to refund overpayments owed to the government in violation of 31 U.S.C. § 3729(a)(1)(G). (FAC.) On January 29, 2018, the Court granted Mountains' motion to dismiss the FAC. ("MTD Order I," Dkt. No. 23.)

Relator filed a second amended complaint on February 20, 2018. ("SAC," Dkt. No. 26.) The SAC asserted the same three causes of action. (SAC.) On June 14, 2018, the Court granted Mountains' motion to dismiss the SAC. ("MTD Order II," Dkt. No. 39.) On June 22, 2018, Relator filed a third amended complaint, ("TAC," Dkt. No. 40), which asserted the same three causes of action, (TAC). On September 27, 2018, the Court granted Mountains' motion to dismiss the TAC, without leave to amend. ("MTD Order III," Dkt. No. 40.) Plaintiff appealed the MTD Order III. (Dkt. No. 52.) The Ninth Circuit affirmed. (Dkt. No. 2.)

Defendant filed the Motion on October 11, 2018, (Mot.). In support of the Motion, Defendant included a compilation of records, (Dkt. Nos. 48-1 to 48-2), and declarations with exhibits, (Harrison Declaration," Dkt. No. 49 (attaching Exhibits A to S); "Mikel Declaration," Dkt. No. 50 (attaching Exhibits 1 to 4)). Relator opposed the Motion on November 5, 2018, ("Opposition," Dkt. No. 55), and included in support a declaration, ("Anderson Declaration," Dkt. No. 55-2), and objections to evidence, (Dkt. No. 55-3).[2] Defendant replied on November 5, 2018 ("Reply," Dkt. No. 57; Response to Objections, Dkt. No. 58). On November 15, 2018 the Court vacated the hearing and stayed the Motion pending outcome of the appeal, (Dkt. No. 59), and on July 30, 2020 the Court lifted the stay and set a hearing for August 24, 2020, (Dkt. No. 72).

## II.  LEGAL STANDARD

The False Claims Act ("FCA") authorizes persons, referred to as "relators," to bring civil actions, known as "qui tam actions," on behalf of the United States government. 31 U.S.C. § 3730(b)(1). The FCA contains a fee-shifting provision, which allows prevailing defendants reasonable attorneys' fees:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

31 U.S.C. § 3730(d)(4). The Ninth Circuit has stated:

> This standard tracks our formulation as to when fees are appropriate under 42 U.S.C. § 1988 to a prevailing defendant. "A court may grant attorney's fees to a defendant under § 1988 only under the limited circumstances where the action is

---

[2] The objections are OVERRULED as MOOT.

frivolous, unreasonable, or without foundation." As such, § 1988 cases are instructive in deciding whether fees are appropriate under the False Claims Act.

Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1005-06 (9th Cir. 2002) (quoting Maag v. Wessler, 993 F.2d 718, 719 (9th Cir. 1993) )(footnote in original).  Under Ninth Circuit precedent, "[a]n action is 'clearly frivolous' when 'the result is obvious or the [plaintiff's] arguments [ ] are wholly without merit.'"  Id. at 1006 (quoting Vernon v. City of L.A., 27 F.3d 1385, 1402 (9th Cir. 1994) ).  This standard is met if "the plaintiff continued to litigate after" his claim "clearly became" groundless or without foundation.  Hughes v. Rowe, 449 U.S. 5, 15 (1980).

An action is "clearly vexatious" or "brought primarily for purposes of harassment" when the plaintiff "pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant."  Pfingston, 284 F.3d at 1006.  However, even where the FCA claim was clearly frivolous, or vexatious, or primarily harassing in nature, an award is not mandatory, but within the district court's discretion.  See id. at 1006-07.

Additionally, "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."  Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421–22 (1978).  But "if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense."  Id. at 422.

As the Ninth Circuit has observed, the whistleblower incentive and the attorneys' fee provision work in tandem, providing a balance between the incentive to bring suit and the award of attorneys' fees to prevailing defendants for suits improperly pursued.  United States ex rel. Barajas v. Northrop Corp., 5 F.3d 407, 410 n.9 (9th Cir. 1993).

### III.  DISCUSSION

The Court begins by reviewing relevant background on the FCA claims and the MTD Orders in this action.  The Court then discusses the Motion and finds that an award of attorneys' fees is not warranted because the claims were not "clearly" frivolous or vexatious, and the case was not brought "primarily" for the purpose of harassment.  31 U.S.C. § 3730(d)(4).

### A.  FCA Claim Background

In its MTD Orders, the Court gave a detailed overview of how the U.S. Department of Health and Human Services, through the Centers for Medicaid and Medicare Services ("CMS") administers the Medicare program and certification of Critical Access Hospitals ("CAHs"), (MTD Order I at 2-3).  The Court will again briefly summarize this program: Medicare reimburses CAHs at higher rates than other acute care hospitals.  (TAC ¶ 15.)  In order to qualify and be certified as a CAH, a hospital offering acute care services must meet a number of

requirements set forth in the CAH Conditions of Participation, including two location-related requirements.  (Id. ¶¶ 17-18.)  First, they must be located in a rural area.  (Id. ¶ 18.)  Second, a hospital must be located either (a) more than a 35-mile drive from a hospital or another CAH or (2) more than a 15-mile drive from a hospital or another CAH in areas of mountainous terrain or areas where only secondary roads are available.  (Id. ¶ 19 (citing 42 C.F.R. § 485.610(c)).)

Relator claimed that in his previous job as the Chief Financial Officer for Mountains, he was required to submit claims to CMS representing Mountains as a CAH.  (TAC ¶ 55.)  Relator was told Mountains was a CHS, because it met the distance requirements for CAH certification.  (Id.)  Nevertheless, Relator claimed, Mountains purposefully did not conduct a survey or audit to verify or recertify it met the CAH criteria, and Mountains knew it did not meet the criteria.  (Id. ¶ 57.)

Claims brought under the FCA must be pleaded pursuant to Federal Rule of Civil Procedure Rule 9(b).  Rule 9(b) requires that circumstances constituting a claim for fraud or mistake be pleaded with particularity.  Fed. R. Civ. P. 9(b).  A false certification claim requires (1) a false statement or fraudulent course of conduct, (2) made with requisite scienter, (3) that was material, causing (4) the government to pay out money or forfeit money due.  United States v. Corinthian Colleges, 655 F.3d 984, 992 (9th Cir. 2011).  The false statement requirement may be satisfied by either express or implied false certification.

Express false certification "means that the entity seeking payment falsely certifies compliance with a law, rule or regulation as part of the process through which the claim for payment is submitted."  United States ex rel. Scott Rose, et al., v. Stephens Institute, 2018 WL 4038194 (9th Cir. Aug. 24, 2018) ("Rose") (citing Ebeid ex rel. United States v. Lungwitz, 616 F. 3d 993, 998 (9th Cir. 2010) (internal quotations omitted), amended and superseded on denial of rehearing en banc, 909 F.3d 1012, 1019 (9th Cir. 2018).  A complaint alleging implied false certification, on the other hand, must plead with particularity allegations that "provide a reasonable basis to infer that (1) the defendant explicitly undertook to comply with a law, rule or regulation that is implicated in submitting a claim for payment and that (2) claims were submitted (3) even though the defendant was not in compliance with that law, rule or regulation."  Ebeid, 616 F.3d 993, 998 (9th Cir. 2010).  Thus, a relator can show implied false certification by "pointing to noncompliance with a law, rule, or regulation that is necessarily implicated in a defendant's claim for payment."  Rose at *4.  Two additional conditions must be satisfied in order to plead implied false certification: First, the Relator must show the claim does not merely request payment, but also makes specific representations about the goods or services provided.  Rose at *4 (citing Universal Health Servs., Inc. v. United States ex rel. Escobar, 136 S. Ct. 1989, 2001 (2016)).  Second, the Relator must show defendant's failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths.  Id. (citing Escobar, 136 S. Ct. at 2001).  Although prior to Rose District Courts in this Circuit were split on whether Escobar established a required two-part test for implied false certification claims, the Ninth Circuit's decision in Rose clarified that Relators "must satisfy Escobar's two conditions to prove falsity" under the FCA.  Rose at *4.

---

## B.  The MTD Orders

The Court analyzed Plaintiff's complaints as potentially stating implied false certification claims under the FCA, because the falsehood was not in submitted reimbursement claims themselves but rather in the implication that Mountains qualified as a CAH.  (MTD Order III at 6.)  In the Court's MTD Order II, it concluded the Relator's claims failed on the materiality element.  (MTD Order II at 7-10.)  The Court observed that the "question of materiality is a close one," but Relator failed to meet the demanding standard.  (<u>Id.</u> at 9.)  At that time, <u>Rose</u> had not been decided, and district courts were split on whether <u>Escobar</u> required this element for implied false certification claims.  The Court found, and <u>Rose</u> also concluded, that materiality is part of a prima facie implied false certification claim.  (MTD Order II; MTD Order III at 13.)  By the time of the MTD Order III and after the decision in <u>Rose</u>, the Court found the materiality question was no longer so close.  (<u>Id.</u>)

In the MTD Order III, the Court concluded that Relator alleged sufficient facts to support the conclusion that Mountains did not meet the distance requirements after April 19, 2013.  (MTD Order III at 9-10.)  Prior to that date, the Court concluded, Relator did allege sufficient facts to support his view that the distance requirements were not met.  (<u>Id.</u>)  However, the Court did not find the Rule 9(b) pleading requirements satisfied prior to April 19, 2013, because the violation was highly technical and the allegations were quite broad.  (<u>Id.</u> at 10.)  Because Plaintiff had had three opportunities to amend but failed to resolve the noted deficiencies, the Court dismissed the TAC without leave to amend.

## C.  Attorneys' Fees

Defendant seeks more than a quarter of million dollars in attorneys' fees and expenses because the Relator's claim was "clearly frivolous, vexatious, and brought for the purpose of harassment."  (Mot. at 2, 7.)  However, an award of attorneys' fees against the plaintiff under the FCA is "reserved for rare and special circumstances," <u>Pfingston</u>, 284 F.3d 999, 1007 (9th Cir. 2002), which do not exist here.  As weak as Plaintiff's claims ultimately proved, they failed in part due to uncertainty around the materiality element.  (MTD Order II; MTD Order III.)  To the extent Plaintiff's FCA claim also failed because he neglected to allege the requisite knowledge, this shortcoming did not surface until the Court's the MTD Orders II and III.  Finally, Defendant also filed a motion for appellate attorneys' fees and expenses, which the Ninth Circuit denied.  (Dkt. No. 71.)  If the legal questions were close enough that an appeal of the MTD Order III was not clearly frivolous, the Court has difficulty concluding that the underlying claims were so frivolous that an award to Defendant of attorneys' fees is warranted.

Defendant contends that Mountains disclosed to Plaintiff a CalTrans concept report that showed Mountains met the regulatory location and distance requirements.  (Mot. at 5.)  Defendant then leaps to the conclusion that any litigation beyond this point was therefore frivolous.  (<u>Id.</u>)  The Court disagrees.  The CalTrans report did not conclusively establish that Plaintiff's claim was meritless and does not imply that any litigation after disclosure of the report was futile.  The Court found in the MTD Order III that the CalTrans report made it unlikely that

Mountains knowingly violated the CAH requirements, but that conclusion was not foregone. (MTD Order III at 10 (noting "the relevant question here is . . . whether Defendants knew if the CalTrans designation was not properly based on the factors in the Mountainous Terrain Memo and thus whether the scienter requirement was met.").)  Defendant's claim that the report conclusively established compliance does not reflect the MTD Order III discussion, and invites the Court to engage in unfair post hoc reasoning.[3]  See Christiansburg, 434 U.S. at 421–22.

Nor was the action "clearly" vexatious or brought "primarily" for the purpose of harassment.  31 U.S.C. § 3730(d)(4).  Although Defendant attaches some evidence of disturbing statements by Relator directed towards Mountains executives, the statements appear to be related to the termination of Relator's employment.  (See generally Harrison Decl.)  The statements do not relate directly to this litigation, and fall short of illustrating that harassment was the "primary" purpose of bringing and continuing this action.  Id.  The existence of subsequent lawsuits with identical claims against other hospitals, (Mot. at 12), similarly, does not demonstrate a personal campaign of harassment directed against Mountains.  And because the Defendants include little information about the other lawsuits, the Court cannot conclude they are necessarily vexatious.  Regardless, any misguided attempt to assert the same flawed theories against other hospitals would impose no additional burdens on Mountains in this litigation.

## IV.  CONCLUSION

The Court DENIES Defendant's motion for attorneys fees.  The hearing set for August 27, 2020 is VACATED.

**IT IS SO ORDERED.**

---

[3] Similarly, while it is true the Court found in the MTD III the question of materiality "significantly less close," (MTD Order III at 10), the Court's word choice reflects its view that the question was close.  Accordingly, the action was not "clearly" frivolous on this basis either. 31 U.S.C. § 3730(d)(4).